Apolonia Fejdowski, as Administratrix of Wincenty Fej-
dowski, Deceased, Respondent, *v.* The President, Man-
agers and Company of the Delaware and Hudson
Canal Company, Appellant.

1. Negligence — When a Question of Fact.  In an action of neg-
ligence, where there is evidence that the defendant backed its locomotive
over a crossing, at which plaintiff's intestate was killed and at which there
was no flagman nor any light near it, at a high rate of speed during a dark
night with no light on the end of the tender and without giving any
warning of its approach, although it was but a short distance behind a
train going in the same direction on the same track, the question of
defendant's negligence is properly submitted to the jury.

2. Traveler's Duty as to Looking and Listening before Attempt-
ing to Cross Railroad Track.  Evidence that an observer in the posses-
sion of all his faculties, who was very near the decedent and walked along-
side as he drove from the point where he stopped until he reached the
track and looked and listened all the time, but did not see or hear the
approaching engine, is some evidence, when considered in connection with
surrounding circumstances, that if decedent had looked and listened he
would neither have seen nor heard and justifies a finding to that effect

3. Trial — Erroneous Instruction Permitting Jury to Find Fact
Unwarranted by Evidence.  Where there is no evidence, express or cir-
cumstantial, that plaintiff's intestate either looked or listened before he
attempted to cross a railroad track, an instruction that the jury might
take all the circumstances into consideration and determine whether or
not he did look and listen and whether or not he could have seen or heard
the approaching engine had he done so, is erroneous, since a verdict in
favor of plaintiff may have been based upon the assumption that he did
look and listen, and a judgment entered thereon must be reversed.

*Fejdowski* v. *D. & H. Canal Co.,* 51 App. Div. 623, reversed.

(Argued November 14, 1901; decided November 22, 1901.)

Appeal from a judgment and order of the Appellate
Division of the Supreme Court in the third judicial depart-
ment, entered November 12, 1900, affirming a judgment in
favor of plaintiff entered upon a verdict and dismissing an
appeal from an order of such Appellate Division made Jan-
uary 17, 1899, which reversed an order of the Trial Term
setting aside a verdict in favor of plaintiff and granting a
motion for a new trial and denied such motion.

This action, brought to recover damages resulting from the death of the plaintiff's intestate, caused, as alleged, by the negligence of the defendant, resulted in a verdict for the plaintiff rendered on the 9th of April, 1897. A motion for a new trial made by the defendant at the Trial Term upon the minutes of the judge, resulted in an order setting aside said verdict and granting a new trial. On the 17th of January, 1899, said order of the Trial Term was reversed by the Appellate Division, and on the 26th of June following judgment was entered on the verdict in favor of the plaintiff. On the 8th of July, 1899, the defendant appealed to the Appellate Division from said judgment, and gave notice that it intended " to bring up and have reviewed an order of said Appellate Division made January 17, 1899,  *  *  *  which reversed an order of the Trial Term setting aside a verdict in favor of the plaintiff." On the 15th of May, 1900, the appeal from the order was dismissed and the judgment was affirmed On the 26th of November, 1900, the defendant appealed to this court from the order of dismissal and judgment of affirmance, but gave no notice of its intention to bring up for review the order of January 17, 1899, reversing the order of the trial judge in setting aside the verdict. Upon the argument before us the defendant moved for leave to amend its notice of appeal by inserting such notice of intention, which motion was opposed by the respondent upon the ground, among others, that as the time to appeal had expired the amendment would, in effect, enlarge the time to appeal, and, hence, was not within the power of the court.

The facts, so far as material, are stated in the opinion.

*Lewis E. Carr* for appellant. The motion for the dismissal of the complaint, at the close of the case, should have been granted on the ground that the evidence was not sufficient to sustain a finding that the deceased exercised such care as he was required to exercise at the time and place when and where he attempted to cross the tracks of the defendant's railroad. (*Pollock* v. *Pollock,* 71 N. Y. 137 ; *McDonald* v. *Met. St.*

*Ry. Co.*, 46 App. Div. 143 ; *Shotwell* v. *Dixon*, 163 N. Y. 43 ; *Havens* v. *E. Ry. Co.*, 41 N. Y. 296 ; *Fowler* v. *N. Y. C. & H. R. R. R. Co.*, 74 Hun, 141 ; *Brickell* v. *N. Y. C. & H. R. R. R. Co.*, 120 N. Y. 290 ; *Von Atzinger* v. *N. Y. C. & H. R. R. R. Co.*, 83 Hun, 120 ; *Durkee* v. *D. & H. C. Co.*, 88 Hun, 471 ; *Getman* v. *D., L. & W. R. R. Co.*, 162 N. Y. 21 ; *Wilcox* v. *R., W. & O. R. R. Co.*, 39 N. Y. 358.) The evidence was not sufficient to sustain a finding that the defendant was negligent in any respect causing the death of the plaintiff's intestate. The motion for the dismissal of the complaint on that ground should have been granted. (*Durkee* v. *D. & H. C. Co.*, 88 Hun, 471 ; *Taylor* v. *L. I. R. R. Co.*, 16 App. Div. 1 ; *Kaare* v. *T. S. & I. Co.*, 139 N. Y. 369 ; *Bond* v. *Smith*, 113 N. Y. 378 ; *Suhrada* v. *T. A. R. R. Co.*, 14 App. Div. 361 ; *Goldschmidt* v. *Met. C. Ry. Co.*, 1 App. Div. 309 ; *McDonald* v. *Met. St. Ry. Co.*, 46 App. Div. 143.)

*Daniel Naylon, Jr.*, and *Edward C. Whitmyer* for respondent. The order of the Appellate Division which dismissed defendant's appeal from the final judgment in so far as it was an appeal from the previous order of the Appellate Division, which reversed an order of the Trial Term setting aside the verdict and ordering a new trial, and which denied defendant's motion for such new trial, was proper. (*Chapman* v. *Comstock*, 134 N. Y. 509 ; *Mickee* v. *W. M. & R. M. Co.*, 144 N. Y. 613 ; *Hoes* v. *E. G. E. Co.*, 150 N. Y. 87 ; *Henavie* v. *N. Y. C. & H. R. R. R. Co.*, 154 N. Y. 278 ; *Judson* v. *C. V. R. R. Co.*, 158 N. Y. 600 ; *Schryer* v. *Fenton*, 162 N. Y. 444 ; *Rich* v. *Manh. Ry. Co.*, 150 N. Y. 542 ; *Taylor* v. *Smith*, 164 N. Y. 400.) This court can read the record only to see whether there is any evidence which, according to any reasonable view, will sustain the verdict of the jury. (*Otten* v. *M. Ry. Co.*, 150 N. Y. 395 ; *Griggs* v. *Day*, 158 N. Y. 1 ; *Gannon* v. *McGuire*, 160 N. Y. 476 ; *Ostrom* v. *Greene*, 161 N. Y. 353 ; *O'Brien* v. *E. R. B. Co.*, 161 N. Y. 539 ; *Jerome* v. *Q. C. C. Co.*, 163 N. Y. 351.) Whether or not plaintiff's intestate was chargeable with negligence contributing to his

death was a question of fact for the jury. Their verdict is amply sustained by the evidence and is conclusive upon this appeal. (*Pruey* v. *N. Y. C. & H. R. R. R. Co.*, 41 App. Div. 161; 166 N. Y. 616; *McNamara* v. *N. Y. C. & H. R. R. R. Co.*, 136 N. Y. 650; *Brown* v. *N. Y. C. R. R.*, 32 N. Y. 597; *Ryan* v. *N. Y. C. & H. R. R. R. Co.*, 37 Hun, 189; *Bowen* v. *N. Y. C. & H. R. R. R. Co.*, 89 Hun, 594; *French* v. *R. R. Co.*, 116 Mass. 537; *Ward* v. *C., St. P., etc., R. R. Co.*, 55 N. W. Rep. 791; *York* v. *M. C. R. R. Co.*, 24 Atl. Rep. 790; *D., L. & W. R. R. Co.* v. *Converse*, 139 U. S. 469; *Duane* v. *C. N. W. R. R. Co.*, 72 Wis. 523.) The exceptions to the charge and to the admission or rejection of evidence are without foundation in law. (*McGrath* v. *N. Y. C. & H. R. R. R. Co.*, 63 N. Y. 528; *Houghkirk* v. *D. & H. C. Co.*, 92 N. Y. 227; *Friess* v. *N. Y. C. & H. R. R. R. Co.*, 67 Hun, 205; *Vandewater* v. *N. Y. & N. E. R. R. Co.*, 74 Hun, 37; *Reid* v. *N. Y., N. H. & H. R. R. Co.*, 44 N. Y. S. R. 688; *Casey* v. *N. Y. C. R. R. Co.*, 6 Abb. [N. C.] 104; 78 N. Y. 518.) Under the facts as proved in this case, the question of defendant's negligence was a question of fact for the jury, whose verdict thereon is conclusive upon appeal. (*Kitchell* v. *B. H. R. R. Co.*, 30 N. Y. Supp. 1079; *Manning* v. *A. A. R. R. Co.*, 36 N. Y. Supp. 201; *Wihnyk* v. *S. A. R. R. Co.*, 14 App. Div. 515; *Greany* v. *L. I. R. R. Co.*, 101 N. Y. 419; *Byrne* v. *N. Y. C. & H. R. R. R. Co.*, 104 N. Y. 362; *Perrin* v. *N. Y. C. R. R. Co.*, 36 N. Y. 123; *Gaylord* v. *S., B. & N. Y. R. R. Co.*, 23 Wkly. Dig. 396; 105 N. Y. 647.)

VANN, J. Edison avenue is a public and much traveled street in the city of Schenectady, fifty feet wide, with a sidewalk on each side. It runs approximately north and south and crosses at right angles and at grade the single-track railroad of the defendant. East of the crossing the track is straight for upwards of seven hundred feet and is elevated above the adjacent land from six to eight feet. To an observer standing at the crossing, or within twenty feet north thereof, the track

towards the east is plainly visible, by daylight, for a distance
of about one thousand feet. At about half-past six in the
evening of October 17, 1895, the plaintiff's intestate, who was
a sober and industrious man about forty years of age, and in
full possession of his faculties, was driving from the north
on Edison avenue towards the crossing in question. When
seen about three hundred feet north of the crossing, he was
seated on a high seat at the front end of a two-horse market
wagon, driving his team of two horses on a walk. When he
was about fifteen feet from the crossing and his horses some-
what nearer, he stopped to enable a train of the defendant,
consisting of a locomotive, tender and eight or ten freight
cars, which was rapidly approaching from the east, to pass by.
The night was cloudy and dark, with neither moon nor stars
visible. There was no flagman at the crossing nor light near
it. The freight train made a loud noise and after it had
reached a point about one hundred feet west of the crossing
the decedent said " Get up ; " the team started, and as he was
thus driving across the track he was struck by an engine fol-
lowing a short distance behind the train and instantly killed.
His head was found eighty feet and his body one hundred
feet west of the crossing. This engine was not running on
regular time, but was backing " wild " from the east at from
twenty-five to thirty miles an hour, with a lighted headlight
on the east end but no light on the west end, and without
ringing the bell or sounding the whistle. The freight train
was about two hundred feet ahead of the engine and the loud
noise made by it was audible when the engine reached the
crossing. There was no evidence tending to show that the
decedent either looked or listened, and it did not appear
whether he was familiar with the crossing or not. A witness,
whose eyesight and hearing were good, was walking on the
sidewalk close to the decedent as he drove along the street.
Both stopped and waited for the freight train to pass. As
the decedent started to drive over the track the witness
walked alongside and, as he testified, listened and looked to
the east all the time as he went forward to the track, but

neither saw nor heard anything of the approaching engine until the crash came. He heard the noise of the train passing on to the west, but did not see nor hear the engine coming on from the east, although he was where he could have seen it if it was visible, and could have heard it if it was audible above "the roar of the train."

These leading facts, which might have been found from the evidence, justified the trial judge in submitting the case to the jury. There was a sharp conflict in the testimony, but the affirmance by the Appellate Division, although not unanimous, places it beyond our power to weigh the evidence. Our power of review in this regard extends no farther than to inquire whether there is any evidence which would warrant a reasonable man in finding the facts in accordance with the theory of the plaintiff.

If the defendant, as the jury might have found from the evidence, backed its locomotive over the crossing in question at a high rate of speed, during a dark night, with no light on the end of the tender and without giving any warning of its approach, although it was but a short distance behind a train going in the same direction on the same track, it failed to discharge the duty which it owed to the decedent, of exercising reasonable care to protect him from injury. (*Brown* v. *N. Y. C. R. R.*, 32 N. Y. 597; *Pruey* v. *N. Y. C. & H. R. R. R. Co.*, 41 App. Div. 160; 166 N. Y. 616.) If this was the sole cause of his death, the defendant is liable. If, however, his own negligence was a contributing and proximate cause, the defendant is not liable.

While the general rule requires a traveler upon a public highway, who is about to cross at grade the track of a railroad, to both look and listen in order to learn whether a train is approaching, it is applied only "when it appears from the evidence that he might have seen, had he looked, or might have heard, had he listened." (*Smedis* v. *Brooklyn & Rockaway B. R. R. Co.*, 88 N. Y. 14, 20; *Thompson* v. *N. Y. C. & H. R. R. R. Co.*, 110 id. 637; *Palmer* v. *N. Y. C. & H. R. R. R. Co.*, 112 id. 234, 243; *Pruey* v. *N. Y. C. & H. R. R. R.*

*Co.*, 41 App. Div. 160 ; 166 N. Y. 616.) He is not required to look or listen when neither would do any good, and such, as the jury might have found, was the situation when the decedent met his death. The fact that an observer in the possession of all his faculties, who was very near the decedent and walked alongside as he drove from the point where he stopped until he reached the track, and looked and listened all the time, but did not see or hear the approaching engine, is some evidence when considered in connection with the surrounding circumstances, that if the decedent had looked and listened he would neither have seen nor heard.

We find no error in the record before us, except the following, which compels us to reverse the judgment.

In the body of his charge the trial judge instructed the jury as follows : " You cannot find the defendant liable unless you find that the deceased at the time did look and listen, did exercise the vigilance which the law casts upon him to protect himself in that respect. You cannot find that fact simply from the presumption that a man will use such care to preserve his own life, because human experience demonstrates that men at times will be careless, and that men at times are killed by reason of their carelessness. For that reason the law casts the burden upon the plaintiff of showing that at the time the deceased lost his life he had exercised that care which the law says he must exercise, namely, to be vigilant as he approached that crossing. Is that shown by the evidence in this case ? It is for you to say. You cannot determine it simply from the fact that he was killed, but you have the right to take all the circumstances into consideration. You cannot determine it simply from the fact that a witness upon the sidewalk looked and listened and say from that that had the deceased looked and listened he would not have seen this approaching train or would not have heard it, but take all these circumstances into consideration and determine whether or not he did look and listen, and determine whether or not he could have seen or heard that approaching train had he done so." The defendant excepted " to the court's submitting to

the jury to find as a fact from all the evidence whether the
deceased did in fact look and listen." At the request of the
defendant's counsel the court charged that "the fact that the
witness Wrobleskie looked in the direction from which this
engine came and saw nothing does not prove that the deceased,
nearer to the track and seated in a wagon, in the manner testi-
fied to, would not have seen the approaching engine in time to
have avoided it had he looked in that direction; nor does the
fact that he said that he listened and heard nothing prove that
the deceased, situated as he was, would not have heard the
engine approaching had he listened." After charging this
request in the language of the defendant's counsel, the court
added: "The effect of that is that the witness says he looked
and listened, but that does not establish as a fact that had the
deceased looked and listened he would not have seen or
heard." At the request of the counsel for the plaintiff the
court charged that if the jury "find that the deceased could
not have seen the engine even if he had looked and could not
have heard it even if he had listened, that it is for them to
say under those circumstances whether he was negligent in
not seeing or hearing." After charging this request, the
court added: "Of course, if it would not have done him any
good to have looked or listened, then it does not injure the
plaintiff's case if he did not look or listen." As already
stated, we think the evidence justified the trial judge in sub-
mitting to the jury the question whether, if the deceased had
looked and listened he could have seen or heard the approach-
ing engine. He had no power, however, to permit the jury to
find that the decedent did in fact look or listen, because there
was no evidence, express or circumstantial, warranting the
inference that he did either. From the fact that the court
submitted this question to them, the jury had the right to
assume and are presumed to have assumed that there was
evidence in the case from which they could infer that the
decedent looked and listened. They were not told what it was
and were left to speculate upon the subject. While they may
have found that if the decedent had looked and listened he

could not have seen or heard, which would support the verdict, they may have found instead that the deceased did in fact look and listen. The trial judge having told them that they might so find, we are unable to say they did not so find; hence, the verdict may be predicated upon a finding that is not warranted by the evidence. The error was not cured by charging the plaintiff's request, because that did not withdraw the previous erroneous instruction, but simply submitted an additional question for the jury to pass upon, leaving them still at liberty to base a verdict for the plaintiff on a proposition unsupported by evidence. For this error the judgment must be reversed and a new trial granted, with costs to abide the event. This conclusion makes it unnecessary to pass upon the effect of that part of the notice of appeal relating to the order. The appeal from the order should be dismissed, without costs, and the motion to amend the notice of appeal denied, without costs. (*Hoffman* v. *Manhattan Ry. Co.*, 149 N. Y. 599.)

PARKER, Ch. J., O'BRIEN, BARTLETT, HAIGHT and MARTIN, JJ., concur; LANDON, J., not sitting.

Judgment reversed, etc.