HORACE J. PARSONS, as Administrator of the Estate of SAMUEL S. PARSONS, Deceased, Respondent, *v.* THE SYRACUSE, BINGHAMTON AND NEW YORK RAILROAD COMPANY, Appellant.

Negligence — railroad crossings — when it is duty of person crossing railroad tracks to "look and listen" — evidence.

1. In an action to recover for the death of plaintiff's intestate, who was struck and killed by an engine while crossing defendant's tracks in the night time, the court properly charged that it was the duty of the intestate to "look and listen only in the event that the jury should find from the evidence in this case that it would have availed him had he looked and listened."

2. A jury cannot be permitted to find that a decedent did look and listen for the engine, and thereby exercised care and caution in approaching the crossing, where there is simply the testimony in general terms that the decedent was a man of prudent character, well acquainted with the crossing, and that a few moments before the accident he was conducting himself and managing his horse in a careful, prudent manner. (*Zucker* v. *Whitridge*, 205 N. Y. 50, followed.) ·

*Parsons* v. *Syracuse, B. & N. Y. R. R. Co.*, 145 App. Div. 900, reversed.

(Argued March 26, 1912; decided April 9, 1912.)

APPEAL from a judgment of the Appellate Division of the Supreme Court ·in the third judicial department, entered June 26, 1911, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Halsey Sayles* for appellant.   Defendant's motion for a nonsuit should have been granted on account of failure to show freedom from contributory negligence. (*Clancy* v. *N. Y., N. H. & H. R. R. Co.*, 201 N. Y. 235; *Wieland* v. *D. & H. Co.*, 167 N. Y. 19; *Zaun* v. *L. I. R. R. Co.*, 130 App. Div. 719; *Getman* v. *D., L. & W. R. R. Co.*, 162 N. Y. 21; *Drago* v. *N. Y. C. & H. R. R. R.*

*Co.*, 139 App. Div. 828; *Lamb* v. *Union Ry. Co.*, 195 N. Y. 260.) The learned trial court clearly erred in sending to the jury the question of whether the plaintiff's intestate looked and listened. (*Fejdowski* v. *N. Y. C. & H. R. R. R. Co.*, 168 N. Y. 500.)

*Edmund B. Jenks, John Courtney, Jr., Thomas E. Courtney* and *Robert S. Parsons* for respondent. The defendant's motion for a nonsuit was properly denied, and the question of the decedent's freedom from contributory negligence properly submitted to the jury. (*Di Sario* v. *N. Y., O. & W. R. R. Co.*, 142 App. Div. 159; *Hickox* v. *A. L. H. & P. Co.*, 200 N. Y. 464; *Brown* v. *B. G. E. Co.*, 200 N. Y. 484; *Pruey* v. *N. Y. C. & H. R. R. R. Co.*, 41 App. Div. 158; 166 N. Y. 616; *Noble* v. *N. Y. C. & H. R. R. R. Co.*, 20 App. Div. 40; 161 N. Y. 620; *Kellogg* v. *N. Y. C. & H. R. R. R. Co.*, 79 N. Y. 72; *Galvin* v. *Mayor, etc.*, 112 N. Y. 223; *Irish* v. *U. B. & P. Co.*, 103 App. Div. 45; 183 N. Y. 508.) The trial justice did not, in the manner he submitted it, err in sending to the jury the question of whether plaintiff's intestate looked and listened. (*Shafer* v. *Mayor, etc.*, 154 N. Y. 466; *Rodrian* v. *N. Y., N. H. & H. R. R. Co.*, 125 N. Y. 526; *Fitzgerald* v. *N. Y. C. & H. R. R. R. Co.*, 154 N. Y. 263; *Henavie* v. *N. Y. C. & H. R. R. R. Co.*, 166 N. Y. 280; *McNamara* v. *N. Y. C. & H. R. R. R. Co.*, 136 N. Y. 650; *Smedis* v. *B. & R. B. R. R. Co.*, 88 N. Y. 13.)

HISCOCK, J. As plaintiff's intestate attempted to cross defendant's tracks in the night time with his wife in a covered buggy drawn by one horse he was struck by a light engine and both he and his wife were instantly killed.

There were no surviving eye-witnesses of the accident except the defendant's engineer, who did not see the intestate's conveyance until an instant before the acci-

dent. The evidence permitted the jury to find amongst other things that the night was dark, rainy and somewhat misty; that the view in both directions was obstructed as intestate approached the crossing; that at a point thirty feet from the track one could see along the same in the direction whence the engine came somewhere in the neighborhood of three or four hundred feet; that the engine approached at a speed of sixty miles an hour without giving any sound signals and without any light except small classification lights which one witness stated could be seen 700 feet and that the plaintiff's intestate was a careful, prudent man in possession of his faculties, and was well acquainted with the crossing.

There is no question that the evidence permitted a jury to find that the defendant was guilty of negligence in the operation of its engine. The contention was and is that there was no evidence to sustain the burden which plaintiff carried of proving that his intestate was free from contributory negligence. The trial judge submitted this branch of the case to the jury on two theories. He charged that it was the duty of the intestate to "look and listen only in the event that the jury should find from the evidence in this case that it would have availed him had he looked and listened." He also permitted the jury to find that the intestate did look and listen for the engine, and thereby exercise care and caution in approaching the crossing.

I think that the evidence justified the court in submitting the case to the jury on the first theory. Taking into account the speed of the engine, the absence of the usual signals either of sound or light, the character of the night and the obstructions to the view, the jury might have found that the exercise of reasonable care by intestate in looking and listening for the approach of a train would not have enabled him to detect the approach of this light engine in time to escape the collision and, therefore, have relieved him from the imputation of con-

tributory negligence.   (*Wieland* v. *D. & H. Canal Co.*, 167 N. Y. 19, 24; *Fejdowski* v. *D. & H. Canal Co.*, 168 N. Y. 500, 505; *Monck* v. *Brooklyn Heights R. R. Co.*, 97 App. Div. 447, 450; affd., 182 N. Y. 567.)

But I think that the submission of the case on the other theory, that the jury might find that the intestate did actually look and listen, cannot be justified.   There is of necessity no direct evidence that he did so, and there is no evidence of facts which justified an inference in his behalf on this point.   There is simply the testimony in general terms that he was a man of prudent character, well acquainted with the crossing, and that a few moments before the accident he was conducting himself and managing his horse in a careful, prudent manner. These things might justify us as a result of ordinary experience in expecting that he would be careful in approaching the crossing, but they do not permit a jury to say as a matter of fact that he was so.

Recently, in the case of *Zucker* v. *Whitridge* (205 N. Y. 50), we have had occasion to consider the probative value of evidence more direct than that here presented of a man's habits of care and caution as tending to establish his conduct on a given occasion, and have held such evidence to be insufficient for such purpose.

We are, therefore, forced to conclude that the charge on this point was error, and that the judgment must be reversed and a new trial granted, costs to abide event. (*Fejdowski* v. *D. & H. Canal Co.*, supra.)

CULLEN, Ch. J., GRAY, HAIGHT, VANN and WERNER, JJ., concur; COLLIN, J., not sitting.

Judgment reversed, etc.