Johnston, J.
(dissenting). I dissent and vote to affirm the judgment. Appellant was under a duty to exercise reasonable care in the inspection of the milk bottles it used. Appellant’s proof tended to show that it used the ordinary and accepted method of inspection in the milk bottling industry, and that that method of inspection constituted reasonable care. Respondents’ proof tended to show that additional methods of inspection should have been made by appellant in the exercise of reasonable care. The jury found for respondents. The majority believe that, as matter of law, customary practice and procedure constitutes reasonable care. I cannot agree with that view. The customary way of doing a thing may be a negligent way. Standard practice is not conclusive on the issue of negligence. It was for the jury to say, even though usage and custom were shown, whether the standard practice was negligent. If that were not the rule, defendants could, by a general custom or habit of acting, create a rule of law for their own exemption. (Saglimbeni v. West End Brewing Co., 274 App. Div. 201, affd. 298 N. Y. 875; Shannahan v. Empire Engineering Corp., 204 N. Y. 543, 550; Texas & Pacific Ry. Co. v. Behymer, 189 U. S. 468, 470.)
Respondents’ proof showed that the bottle which caused the injuries was properly manufactured; that the accident was caused by a thermal shock fracture, and not by a fracture caused by external blow; that the thermal shock occurred immediately after the cleaning of the bottle and prior to its being filled; that reasonable inspection prior to the bottle being filled would have *855 revealed the presence of the crack; that reasonable inspection (which impliedly means commercially practicable) would consist of visual examination from the front by means of a large magnifying glass and a large light, or a polariseope; that the fracture was incomplete when the bottle was filled but became complete by normal handling. In my opinion, this evidence was sufficient to raise a question of fact that there was a crack in the bottle when it left appellant’s dairy, and that reasonable care and inspection by appellant would have disclosed the presence of the crack. When it is considered that, to contradict respondents’ proof, the only evidence introduced by appellant was that of its plant manager as to the method generally used by it for inspection, without proof to show that at the times in question the inspectors were performing their assigned tasks, the verdict may not be said to be against the weight of the evidence. Evidence of habitual conduct under similar circumstances in respect to using care is not admissible to raise an inference that appellant exercised the same amount of caution on the occasion of the inspection in question. (Cf. Parsons v. Syracuse, B. & N. Y. R. R. Co., 205 N. Y. 226.)
A cracked milk bottle is something reasonably certain to inflict injury upon one who may handle it, and the very tests which appellant states it generally uses establish that danger of injury from cracked bottles was anticipated.
Adel, Sneed and Wenzel, JJ., concur in Memorandum by the Court; ¡Nolan, P. J., votes to reverse the judgment on the facts, and to grant a new trial, with the following memorandum: The finding, implicit in the jury’s verdict, that negligence on the part of appellant was the proximate cause of the injury complained of, is contrary to the weight of the evidence. I agree, upon the authority cited in the dissenting opinion by Mr. Justice Johnston, that evidence of standard practice is not conclusive upon the issue of negligence, and that the appellant was required to exercise reasonable care to guard against the danger inherent in the use of a cracked milk bottle. In my opinion, however, the evidence adduced was insufficient to permit the jury to find that the crack in the bottle alleged to have caused the injury was present when the bottle left appellant’s dairy. A new trial will afford an opportunity for more definite evidence as to the time when the crack occurred, as well as such further evidence as may be available to either plaintiffs or defendant upon the issue of proper practice in the examination of bottles in the business carried on by defendant. Johnston, J., dissents and votes to affirm, with opinion.
In an action to recover damages for injuries sustained by the respondent wife when a milk bottle, from which she was about to pour milk, broke in her hand, judgment in her favor, and in favor of her husband for loss of services, against the appellant dairy company which bottled the milk and sold the bottle of milk to the retailer from whom respondent Sadie Smolen purchased it, reversed on the law and the facts, with costs, and the complaint dismissed on the law, with costs.