Elsie Houser and David Houser, Appellants, v. Wabash
Railroad Company, Appellee.

Gen. No. 9,698.

Heard in this court at the May term, 1950. Opinion filed May 22, 1950. Released for publication June 17, 1950.

Louis L. Mason, James A. Lewis, and F. R. Wiley, all of Decatur, for appellants.

J. A. McClain, Jr. and J. H. Miller, both of St. Louis, Mo., and LeForgee & Samuels, of Decatur, for appellee; Charles C. LeForgee, E. Wayne Schroeder and Richard J. Welsh, all of Decatur, of counsel.

Mr. Justice O'Connor delivered the opinion of the court.

A motion for a directed verdict made by the defendant at the close of the plaintiff's testimony was granted by the circuit court of Macon county in a case brought by Elsie Houser and David Houser, her husband, against the Wabash Railroad Company, a corporation. This appeal is from that judgment.

The suit resulted from injuries received by Elsie Houser on October 12, 1948, when her automobile which she was driving was struck by the first of a string of railroad cars being pushed or shunted backwards by the defendant, where its railroad tracks cross North Broadway in the City of Decatur. David Houser, husband of Elsie Houser, brings his action for expenses paid on behalf of his wife and for loss of consortium as the result of the injuries his wife sustained in the collision.

32

■■ It is fundamental and has long been the rule of this State that in considering the motion for a directed verdict at the close of the plaintiff's case, that the court must accept as true the testimony offered by the plaintiff, along with all of the legitimate inferences that may legally and justifiably be drawn therefrom, to determine if the material allegations of the complaint have been proven. The court does not weigh the testimony or pass on the credibility of the witnesses. *Lovellette v. First Federal Savings & Loan Ass'n,* 338 Ill. App. 363; *Hyde v. Saunders,* 338 Ill. App. 205; *Randolph v. New York Cent. R. Co.,* 334 Ill. App. 268; *Stephens v. Weigel,* 336 Ill. App. 36. In reviewing such judgment this court must follow the same rule. *Roadruck v. Schultz,* 333 Ill. App. 476.

■ The testimony most favorable to these plaintiffs, with the legitimate inferences to be legally and justifiably drawn therefrom, is as follows: After having driven her husband, David Houser, to his work this plaintiff was returning to her home at about midnight in her own 1946 Buick automobile. She drove south on North Broadway street in Decatur, and the accident occurred where the Wabash Railroad tracks crossed this street. She was alone in the car, but was well acquainted with the crossing as she had driven over it from 75 to 100 times. From a speed of about 25 miles per hour this plaintiff slowed down to about 5 or 6 miles per hour as she reached the railroad crossing sign which was located about 5 or 6 feet north of the first track she was approaching. There was no other motor traffic near her. The pavement was dry and the night was dark. The front window on the left side of the car was open. Her automobile was in good condition and her lights were on and were adjusted for city driving. There were six tracks at this crossing and no gates or flash signals were installed, and no whistle or bell was sounded immediately prior to the

33

collision. As she approached the first track she shifted her automobile into second gear and looked to her right and to her left. She again looked in both directions as she approached the second track. She looked again as she crossed the second track. As she crossed the third track she again looked to her right when she saw a man waving a red lantern running toward her from the east switch light southwesterly. She continued to look to her right and left as she crossed the tracks for the reason that it was a dark night and with her lights shining only directly ahead of her she had great difficulty in seeing what was to her right and what was to her left. While on the fourth track her automobile was struck by the boxcar of the defendant, which was being operated without lights. There was evidence of damage suffered by both plaintiffs. The appellee has pointed out some conflict in the testimony, some contradictory statements and some inferences in the testimony favorable to its defense of this case. In reviewing the granting of this motion for a directed verdict we are disregarding the evidence of these facts and their inferences, and are considering only the evidence favorable to the plaintiffs. There the evidence reveals to us that this defendant was moving a boxcar or series of cars without lights at a crossing which was unprotected when this collision occurred. That it was a question for the jury as to whether or not such conduct of the defendant was negligence is not seriously debated by the appellee. Proof of negligence on the part of the defendant was assumed by the trial judge in his opinion. We must then determine if the above testimony establishes that this plaintiff was in the exercise of due care for her own safety or if her conduct amounts to contributory negligence as a matter of law, as the appellee contends.

For the conduct of the plaintiffs to amount to contributory negligence as a matter of law we would

34

have to conclude that the facts construed most favorably for the plaintiff are such that all reasonable minds would reach the conclusion that the facts did not establish due care and caution on the part of the plaintiff, Elsie Houser. *Thomas v. Buchanan,* 357 Ill. 270; *Chicago & E. I. R. Co. v. Crose,* 214 Ill. 602; *Morrison v. Flowers,* 308 Ill. 189; *Carrell v. New York Cent. R. Co.,* 317 Ill. App. 481.

██ This plaintiff shifted into second gear and slowed her automobile down to a speed of 5 to 6 miles per hour as she reached this railroad crossing; she looked at least four times to her right and left as she slowly crossed the tracks; her view to her right and left was obstructed by the dark of the night; she had proper lighting on her automobile; the window nearest her was open so that she might better hear any of the danger signals that might be present. In view of all of these facts we are unable to say that all reasonable minds would conclude that she failed to exercise due care for her own safety. While this plaintiff looked in both directions, her vision was cut off or impaired by the darkness of the night. The duty of a driver of a motor vehicle in negotiating a railroad crossing under such a condition is commented upon in *Pokora v. Wabash R. Co.,* 292 U. S. 98, 78 L. Ed. 1149. In this case a plaintiff was crossing the four railroad tracks of the defendant, and while he looked in the direction of the approaching train that later came into collision with him, a string of boxcars standing on the switch cut off his view of the tracks beyond him to the north. The court stated at page 101, as follows:

"In such circumstances the question, we think, was for the jury whether reasonable caution forbade his going forward in reliance on the sense of hearing, unaided by that of sight. No doubt it was his duty to look along the track from his seat, if looking would avail to warn him of the danger. This does not mean, however, that if vision was cut off by obstacles, there was

negligence in going on, any more than there would have been in trusting to his ears if vision had been cut off by the darkness of the night. Cf. *Norfolk & W. R. Co. v. Holbrook* (C. C. A. 6th) 27 F. (2d) 326. Pokora made his crossing in the day time, but like the traveler by night he used the faculties available to one in his position. *Johnson v. Seaboard Air Line R. Co.*, 163 N. C. 431, 79 S. E. 690, Ann. Cas. 1915 B, 598, 4 N. C. C. A. 627; *Parsons v. Syracuse, B. & N. Y. R. Co.*, 205 N. Y. 226, 228, 98 N. E. 331. A jury, but not the court, might say that with faculties thus limited, he should have found some other means of assuring himself of safety before venturing to cross. The crossing was a frequented highway in a populous city. Behind him was a line of other cars, making ready to follow him. To some extent, at least, there was assurance in the thought that the defendant would not run its train at such a time and place without sounding bell or whistle. *Louisville & N. R. Co. v. Summers* (C. C. A. 6th) 125 Fed. 719, 721; Illinois Rev. Stat. (1933 ed.) chap. 114, par. 84.''

■ Appellee urges that the plaintiff failed to prove that she relied upon the presence of a watchman at the crossing, and therefore the absence of such a warning did not amount to an act of entrapping her into proceeding over the tracks while the boxcar was being moved toward her. In view of the testimony of her conduct, and the further fact that she had a right to rely partly on the fact that the defendant would not be running an unlighted boxcar across the street on a dark night, we fail to see the necessity of showing any reliance upon the watchman being present to warn her to permit this case to be considered by the jury.

We conclude that the motion for a directed verdict in this case should have been denied and the judgment in this case is reversed and the cause remanded for a new trial.

*Reversed and remanded.*