53 Ill. App.2d 7 (1964)
202 N.E.2d 64
John Sleck, Plaintiff,
v.
Butler Brothers, Canal-Randolph Corporation, and Gallaher & Speck, Inc., Defendants Third-Party Plaintiffs Appellants,
v.
Pennoyer Merchants Transfer Company, Third-Party Defendant Appellee.
Gen. No. 49,225.
Illinois Appellate Court  First District, Second Division.
October 27, 1964.
Rehearing denied November 19, 1964.
*8 Hubbard, Hubbard, O'Brien & Hall, of Chicago, for Butler Brothers and Canal-Randolph Corporation, third-party plaintiffs-appellants, Hinshaw, Culbertson, Moelmann & Hoban, of Chicago (Leonel I. Hatch and D. Kendall Griffith, of counsel), for Gallaher & Speck, Inc., third-party plaintiff-appellant.
Berchem, Schwantes & Thuma, and Richard C. Bleloch, all of Chicago (E. Douglas Schwantes and Richard *9 C. Bleloch, of counsel), third-party defendant-appellee.
MR. JUSTICE FRIEND delivered the opinion of the court:
Plaintiff John Sleck, an employee of Pennoyer Merchants Transfer Company, was injured on March 21, 1956 while in the process of delivering air-conditioning equipment to the eighteenth floor of the Canal-Randolph Building. At the time of the occurrence Sleck was standing on a wire grating which formed the top of the elevator that was being used to hoist the equipment. As the elevator reached the first floor the roof of the elevator gave way, causing Sleck to fall to the elevator floor. Prior to the occurrence a coemployee of Sleck had removed some of the bolts which connected the wire grating to the elevator frame. Upon inspection after the occurrence it was discovered that some bolts had been sheared and some were missing but that none had been pulled through the frame. The elevator and elevator shaft involved in the injury had been turned over to Pennoyer for its use in hoisting the equipment. Defendants third-party plaintiffs in this action, Butler Brothers, Canal-Randolph Corporation, and Gallaher and Speck, did not participate in the hoisting operation nor use the elevator during the hoisting operation.
The amended complaint filed April 2, 1957 was a common law negligence action. The answers of defendants filed June 4, 1957 and June 11, 1957 denied common law negligence. Third-party complaints filed September 28, 1960 and August 14, 1962 by defendants against Pennoyer were based essentially on the passive nature of defendants' and the active nature of Pennoyer's common law negligence. In addition, various cross-complaints and answers were filed.
*10 On January 10, 1963 Sleck filed an additional count against the original defendants, alleging a violation of the Structural Work Act (Ill. Rev Stats 1963, c 48, §§ 60-69). In addition, on the motion of Sleck, his case was severed from the various counterclaims and third-party actions for purposes of trial. After giving notice to Pennoyer, defendants settled with Sleck for $15,000, and on January 14, 1963 a consent order was entered by Judge Drymalski recording that settlement. The order provided:
"This cause coming on for trial, all parties being represented by counsel, in Court, and the Court being advised in the premises, having participated in settlement negotiations of the original cause of action by John Sleck against the defendants, Butler Brothers, Inc., Canal-Randolph Corporation, and Gallaher and Speck, Inc.;
"It further appearing to the Court that the said parties have agreed upon the evaluation of the claim for settlement purposes and have stipulated to the entry of a consent judgment decree, and the Court determining that said agreement to settle the cause and have a consent judgment entered thereon being fair and proper under the circumstances;
"The Court having heard the statement of counsel for the said parties as to the injuries, disability and loss of income resulting from the said accident.
"It is hereby ordered that judgment be entered upon the stipulated settlement in the amount of Fifteen Thousand Dollars in favor of the plaintiff against the defendants, Butler Brothers, Inc., Canal-Randolph Corporation and Gallaher & Speck, Inc."
*11 The third-party complaints were then assigned to Judge Canel for trial. All the parties to the third-party action stipulated as follows:
"It is stipulated by the attorneys for Butler Brothers, Canal-Randolph Corporation, and Gallagher [sic] & Speck, and Pennoyer Merchants Transfer Company that based on the amended Complaint a judgment was entered in favor of John Sleck and against Butler Brothers, Canal-Randolph Corporation and Gallagher [sic] & Speck, Inc., for $15,000.00 by stipulation between John Sleck and Butler Brothers, Canal-Randolph Corporation and Gallagher [sic] & Speck, Inc."
At the close of the third-party plaintiffs' case, the third-party defendant Pennoyer moved for a directed verdict on the basis that the consent judgment was a judicial admission of negligence on the part of the third-party plaintiffs. During a recess in the argument on the motion for directed verdict, the consent judgment of January 14, 1963 was vacated pursuant to a stipulation between Sleck and the third-party plaintiffs, and another consent judgment was entered. This consent order entered on January 15, 1963 provided as follows:
"It is hereby stipulated by and between the parties hereto, by their respective attorneys that the consent judgment entered in this cause on January 14, 1963, be vacated.
"It is further stipulated that the plaintiff takes a non-suit as to the negligence count of his Complaint."
When court resumed, Judge Canel held that the third-party plaintiffs were bound by their stipulation entered into before him, and, therefore, directed a verdict *12 in favor of the third-party defendant, and entered judgment accordingly. The third-party plaintiffs appeal.
[1-3] In support of the judgment the third-party defendant contends that by reason of the stipulation which was entered into before Judge Canel, the third-party plaintiffs admitted the charges in Sleck's amended complaint which included charges of active violations of the Structural Work Act and active common law negligence. According to its argument, the vacation of the consent order of January 14, 1963, and the substitution of the consent order of January 15, 1963 were without any effect on the proceedings in the third-party action before Judge Canel. Let us assume, without deciding, that the vacation of the January 14, 1963 consent order and the substitution of the January 15, 1963 order had no effect on the third-party proceedings, and, therefore, that the court in the third-party proceedings had properly before it only the January 14, 1963 order and the stipulation as to that order. Notwithstanding this assumption, we do not believe that the January 14, 1963 consent order and the stipulation entered into before Judge Canel constitute an admission of active violations of the Structural Work Act or active common law negligence. The third-party defendant misconstrues the nature as well as the effect of a consent order on the third-party proceedings. It relies on the principle enunciated in People v. McCrory, 41 Ill. App.2d 59, 65, 190 NE2d 159 (1963):
"Courts look with favor on stipulations designed to simplify or settle litigation, and will, when called upon in an appropriate manner, compel such parties to observe them, if fairly made, unless they are illegal or contrary to public policy.... ."
*13 But that holding does not meet the problem presented; here we are concerned with the nature as well as the effect of the consent order on the third-party proceedings. It appears from the face of the January 14, 1963 order that it was entered by agreement of Sleck and the defendants third-party plaintiffs. Such judgments are uniformly understood to merely record a settlement or an agreement between the parties. They are not, however, a judicial determination of the rights of the parties or the issues involved in the litigation. Prill v. Illinois State Motor Serv., Inc., 16 Ill. App.2d 202, 147 NE2d 681 (1958); Cwik v. Condre, 4 Ill. App.2d 380, 124 NE2d 612 (1954). Such consent judgments are not res judicata because the court is not exercising the judicial function of deciding the issues; rather, the court is engaged in the administrative act of recording the agreement of the parties. People v. Joliet Trust & Sav. Bank, 315 Ill. App. 11, 42 NE2d 90 (1942). Therefore, the consent order of January 14, 1963 merely recorded an agreement between the parties and did not constitute a judicial determination of the rights of the parties or the issues involved in the litigation. The consent order is not a judicial finding that the third-party plaintiffs were either guilty or not guilty of negligence, or, if guilty, whether their guilt was active or passive common law negligence or whether it was an active or passive violation of the Structural Work Act. A claim may be settled to avoid litigation and, therefore, evidence of a settlement made with third parties involved in an accident is inadmissible. Hill v. Hiles, 309 Ill. App. 321, 32 NE2d 933 (1941), Fenberg v. Rosenthal, 348 Ill. App. 510, 109 NE2d 402 (1952).
The third-party defendant, although acknowledging that the cases cited by the third-party plaintiffs "by and large sustain the general principles of law for which they are cited," claims that by failing to consider *14 Yankey v. Oscar Bohlin & Son, Inc., 37 Ill. App.2d 457, 186 NE2d 57 (1962), they "ignored the one case which required the court below to enter the judgment appealed from." In that case the complaint was in two counts: common law negligence and a violation of the Structural Work Act. The original action and the third-party action were tried together and, before the case was given to the jury, the trial judge withdrew the third-party action from its consideration. In affirming, the Appellate Court said that evidence was presented to support the complaint of common law negligence and a violation of the Structural Work Act; that under either theory, the third-party plaintiff would be liable as an active tort-feasor, and, as such, not entitled to recover over from a joint tort-feasor. The facts in the case at bar differ from the facts in that case. In Yankey, prior to considering the third-party plaintiff's claim for contribution, the court had decided that the third-party plaintiff was guilty of an active violation of the Structural Work Act. Thus, when the court considered the third-party plaintiff's suit for contribution, it held that because it was an active tort-feasor it was barred from obtaining contribution. In the case at bar, there is no evidence in the record of the original action that the third-party plaintiffs were active tort-feasors. There is no evidence, merely the consent order, and that does not amount to a judicial determination that the third-party plaintiffs were guilty of active common law negligence or of an active violation of the Structural Work Act.
[4, 5] On the assumption that the payment to Sleck by the third-party plaintiffs was made under both counts of the amended complaint  as the third-party defendant contends  the third-party plaintiffs are still entitled to a hearing to determine whether they are entitled to contribution from the third-party *15 defendant. A party who is legally responsible but not actively at fault may obtain contribution from the party who is actively at fault. In situations where a party is found guilty of common law negligence, the party may be found guilty of only passive negligence and therefore entitled to contribution from the active tort-feasor. Blaszak v. Union Tank Car Co., 37 Ill. App.2d 12, 184 NE2d 808 (1962). In situations where a party is charged with a violation of the Structural Work Act, he may seek contribution on the basis that his violation was passive, whereas another was guilty of an active violation of the act. Sack v. Arcole Midwest Corp., 33 Ill. App.2d 344, 179 NE2d 441 (1961). The fact that the principal case was settled and a consent judgment entered reflecting that settlement does not affect the third-party plaintiffs' right to seek contribution, whether the damages were sought for the violation of a statutory duty, as in the Sack case, or were sought for the violation of a common law duty, as in Gulf, M. & O.R. Co. v. Arthur Dixon Transfer Co., 343 Ill. App. 148, 98 NE2d 783 (1951).
[6-8] Where a party without fault has been subjected to tort liability because of the wrongful conduct of another person, the party who is without fault is entitled to contribution from the party primarily liable. The rule against contribution among joint tort-feasors does not apply where the parties are not in pari delicto. Skala v. Lehon, 343 Ill. 602, 175 NE 832 (1931); Palmer House Co. v. Otto, 347 Ill. App. 198, 106 NE2d 753 (1952). In the case at bar, it was error to direct a verdict against the third-party plaintiffs at the close of their case on the basis of the consent judgment of January 14, 1963 and the stipulation entered into before Judge Canel. Upon the third-party defendant's motion for a directed verdict at the close of the third-party plaintiffs' case, the court should have decided whether there was any evidence which could *16 reasonably have been considered to prove the allegations of the third-party plaintiffs' complaints. Lindroth v. Walgreen Co., 407 Ill. 121, 94 NE2d 847 (1950). In the case at bar, there is evidence in the record to prove the allegations of their complaints. At the time of the occurrence, the elevator in question had been turned over to and was being used exclusively by the third-party defendant. Prior to being turned over to the third-party defendant, the elevator had been inspected and found in good condition. After being turned over, but prior to the occurrence in question, the third-party defendant's employees had walked on the top of the elevator and it had supported their weight. There is evidence that, prior to the occurrence, certain bolts which connected the wire grating to the elevator frame were removed by employees of the third-party defendant. There is no evidence that any of the employees of the third-party plaintiffs ever assisted in or supervised the work being done by the third-party defendant. From the evidence it could be inferred that at the time the elevator was turned over to the third-party defendant it was in good condition; that the wire grating on the top of the elevator would support the weight of several men; that the removing of the bolts by the third-party defendant's employees was the proximate cause of Sleck's injuries. From these inferences, the trial court could have reasonably concluded that the third-party defendant was guilty of active negligence, and that the third-party plaintiffs were merely passively negligent. The third-party plaintiffs were entitled to have the court accept as true the testimony offered by them, along with all legitimate inferences which could be drawn therefrom, when the court passed upon the third-party defendant's motion for a directed verdict. Houser v. Wabash R. Co., 341 Ill. App. 31, 92 NE2d 878 (1950). There is *17 evidence for a jury to reasonably find that the material allegations of the third-party plaintiffs' complaints were true, and therefore it was error for the trial court to direct a verdict in favor of the third-party defendant.
[9] Finally, the third-party defendant claims that the third-party plaintiffs were volunteers, and that they settled with Sleck when the evidence is clear that they could not be held liable to Sleck. This claim is based on evidence which shows that the third-party plaintiffs did not have charge of the hoisting operation in which Sleck was injured. However, the third-party plaintiffs are not volunteers; a party may seek contribution even though it has not been judicially determined that it is liable to the injured party. The Sack and Gulf cases heretofore cited are in point. It is necessary only that the person seeking contribution has been subjected to liability because of the wrongful conduct of another. In Boston v. Old Orchard Business Dist., Inc., 26 Ill. App.2d 324, 329, 168 NE2d 52 (1960), the court stated:
"Whether the legal principle upon which the third party complaint is based is contribution or indemnity, in either case the fact that a party against whom a legal liability is asserted made a fair settlement in good faith without a judgment having been entered against him does not prevent his seeking to enforce a claim for reimbursement against another person primarily responsible for the injury suffered by the plaintiff...."
In the instant case the third-party plaintiffs were subjected to tort liability by the wrongful acts of the third-party defendant. Third-party plaintiffs Butler and Canal owned the building and had inspected the elevator before the third-party defendant began its *18 work at the building. Third-party plaintiff Gallaher had contracted with the owners of the building to do the work in question and then subcontracted that work to the third-party defendant. These circumstances could reasonably be considered to create a question of fact as to whether the third-party plaintiffs were technically responsible for the work being done and technically liable to Sleck for failing to discharge a supervisory responsibility even though they were not guilty of any active common law negligence or any active violations of the Structural Work Act.
The judgment in favor of the third-party defendant Pennoyer is reversed and the cause remanded for trial.
Judgment reversed and cause remanded with directions.
BURKE, P.J. and BRYANT, J., concur.