462 P.2d 135

**Lennie SMITH, Plaintiff-Appellee,**

v.

**T. P. CASTLEMAN and Evelyn Castleman, his wife, Defendants-Appellants.**

**No. 8851.**

Supreme Court of New Mexico.

Dec. 8, 1969.

Palmer & Frost, Farmington, for appellants.

Phillips & Graham, Farmington, for appellee.

## OPINION

WATSON, Justice.

J. M. Smith purchased a jeep which was financed through the Southwestern Investment Company. He purchased life insurance to insure payment of the indebtedness. He sold the jeep to defendants Castleman for the sum of $100.00 plus the indebtedness owed to Southwestern by Smith at the time of the sale. Mr. Smith died on January 20, 1968, and the insurance company

paid the sum of $859.98 to Southwestern to retire the indebtedness.

On May 17, 1968, Lennie Smith, wife of the deceased, alleging a community interest, brought suit against defendants Castleman for damages or recision. The defendants, by affirmative defense and by objection at the beginning of the trial, pointed out that plaintiff was not a proper party to bring the action. After both parties had presented their witnesses and rested and without further objection by defendants, the court withheld judgment and allowed plaintiff 30 days to secure the appointment of an administrator who would be brought in as plaintiff. After this was apparently done, the parties filed their requested findings and conclusions. The trial court then found the facts set forth in the first paragraph above, together with the contested findings 1; 7, and 8, discussed below, and entered judgment for plaintiff[s] named in the caption of the judgment as: "Lennie Smith, Administratrix of the Estate of J. M. Smith, and Lennie Smith, Individually."

■ Defendants Castleman, now appellants, contend that the trial court erred in allowing the post-trial substitution of a new party plaintiff who was not in existence at the time of the trial. There was, however, no substitution as Mrs. Smith individually still remains a plaintiff. As to her community property interest she may well be a proper party, although not the real party, in interest. Section 29-1-9, N.M.S.A. 1953 Comp. (1969 Supp.).

We find no reversible error in the trial court's action. Rule 21 of the Rules of Civil Procedure (§ 21-1-1(21), N.M.S.A. 1953 Comp.) would authorize such procedure where appellant is not prejudiced by it, and we find no such prejudice here. Although it would have been better to require the joining of an administrator prior to trial, Rule 21, supra, (which is similar to the Federal Rule) permits this at any stage of the action. In Mullaney v. Anderson, 342 U.S. 415, 72 S.Ct. 428, 96 L.Ed. 458 (1952), plaintiffs with standing were brought in while the case was in the Su-preme Court on appeal, and in State ex rel. Skinner v. District Court, 60 N.M. 255, 291 P.2d 301 (1955), we permitted heirs of the decedent to be brought in after appeal and after remand to the district court.

■ The court's findings which appellants contend are not supported by substantial evidence are:

"1. Lennie Smith was the lawful wife of J. M. Smith at the time of his death *and has qualified as administratrix of his estate.*" (Emphasis added.)

"7. Defendants herein have not paid the purchase price to J. M. Smith, his representative or estate, as agreed.

"8. The unpaid balance of the purchase price is $859.98."

Appellant is correct that there is no evidence to support the finding that Lennie Smith is the administratrix of the estate of J. M. Smith. This no doubt was through inadvertence, *but we are bound by the record before us.* Richardson Ford Sales v. Cummins, 74 N.M. 271, 393 P.2d 11 (1964).

There is, however, substantial evidence to support the court's findings number 7 and number 8 set forth above. The purchase price included the payment by the purchaser of the balance owed to Southwestern Investment Company. There was conflicting evidence as to whether the application of the proceeds of the life insurance policy were discussed. Mr. Wooten, Loan Manager of Southwestern, testified that his company was the beneficiary of the policy on Mr. Smith's life. He first said that the premium of $20.88 was received from the insured on December 6, 1966 at the time of the purchase, but on cross-examination he said that the premium would have been paid out of each payment that was made. The policy referred to as creditor life insurance throughout the trial was apparently of the type authorized under § 58-8-18, N.M.S.A. 1953 Comp. Cases involving the subrogation rights of the insured's estate are discussed in a note on this type of insurance at 45 N.C.L.Rev. 270 (1966). Although the cases indicate

that the highest equitable claim for the benefit of the payment is in the insured's estate and point out that the assuming purchaser is not a beneficiary of the policy and has no insurable interest, the author of the note indicates that if the assuming purchaser did pay part of the premiums perhaps his interest should be prorated.

Appellee here does not rely upon subrogation but upon the agreement of the appellants to pay the full amount of the purchase price to the sellers, although permission was given to make these payments either to the sellers or directly to Southwestern in sellers' behalf.

The trial court refused appellants' finding number 9 which read:

"9. That the agreement between defendants and plaintiff's decedent did not contemplate and defendants did not agree nor did plaintiff or plaintiff's decedent expect to receive any direct payment for said Jeep except for the original $100.00 initial payment."

We have held that the intention of the insured is a controlling factor as to who receives the benefit of his insurance policy. In re Gallagher's Will, 57 N.M. 112, 255 P.2d 317, 37 A.L.R.2d 149 (1953). Mrs. Smith testified that the sales price of the jeep to the appellants was $1,350.00. Mrs. Castleman admitted that at the time they purchased the jeep from the Smiths they fully expected to pay $1,400.00 for the jeep. Mr. Castleman admitted that at the time they were negotiating for the purchase of the jeep they tried to get financing in their own names. After assuming the balance owed Southwestern, appellants made the first payment directly to Mrs. Smith. The fact that the other payments made by the appellants prior to Mr. Smith's death were made to Southwestern without objection by the Smiths would not be sufficient to require a finding of an intent that appellants were to receive the benefits of the insurance payment.

When the insurance money paid off the loan and the certificate of title was delivered to Mrs. Smith, her requirement that the appellants make the remaining payments to her before receiving the certificate of title was in accordance with the contract as found by the trial court. Its refusal to adopt appellants' finding number 9 was not error.

The case is remanded to the trial court with directions to grant a new trial on the sole issue of whether, on October 30, 1968, Lennie Smith was the duly qualified and acting administratrix of the estate of J. M. Smith, deceased, and if so, to enter judgment in her favor.

It is so ordered.

COMPTON and TACKETT, JJ., concur.