527 P.2d 316

Norma P. SHIRLEY, as Administratrix of
the Estate of John W. Shirley, Deceased,
et al., Plaintiffs-Appellees,

v.

Frank VENAGLIA et al., Defendants-
Third-Party Plaintiffs-Appellants,

v.

KINGS, INC., a New Mexico corporation,
Third-Party Defendant-Appellee.

No. 9891.

Supreme Court of New Mexico.

Sept. 13, 1974.

Rehearing Denied Oct. 18, 1974.

Marchiondo & Berry, Charles G. Berry,
Mary C. Walters, Albuquerque, for defend-
ants-third-party plaintiffs-appellants.

Sutin, Thayer & Browne, Jay D. Hertz,
Albuquerque, for plaintiffs-appellees.

OPINION

MONTOYA, Justice.

This is an appeal from a judgment en-
tered by the Bernalillo County District
Court in favor of the plaintiffs.

On January 17, 1964, defendants Leonard Li Petri and Amelia Li Petri, his wife, and Roy Venaglia and Catherine Venaglia, his wife (lessees), entered into a lease agreement with plaintiffs John W. Shirley and Norma P. Shirley, his wife, and August A. Neuner and Celia W. Neuner, his wife (lessors), providing for a five-year rental of certain premises commencing on February 10, 1964, and terminating on February 9, 1969. Also, on January 17, 1964, Frank Venaglia and Anna P. Venaglia, his wife (guarantors), entered into a guaranty agreement whereby they agreed to indemnify said lessors against any and all losses arising from failure of said lessees to perform in accordance with the terms of the lease.

Subsequently, on November 15, 1971, lessors (Norma P. Shirley, as administratrix of the estate of John W. Shirley, deceased, and August A. Neuner and Celia W. Neuner, his wife), filed a complaint against lessees alleging they owed a total of $1,050 on the original lease, plus rent as holdover tenants at the rate of $700 per month in accordance with the terms of the lease agreement, and attorneys' fees. Plaintiffs alleged that guarantors, by reason of an indemnity agreement, were also obligated on all sums due and owing by lessees.

In their answer lessees claimed that the lease had been assigned to King's, Inc., with the consent of lessors. Upon order of the court, a third-party complaint was filed by lessees and guarantors against King's, Inc., requesting judgment against King's, Inc., if lessors should recover on their complaint. In its answer King's, Inc. alleged that lessors had agreed that the corporation's tenancy would be rent-free, "so long as the plaintiffs were trying to sell said premises," provided King's, Inc. would leave all equipment on the premises when it vacated the premises.

This matter was tried to the court without a jury. The trial court concluded that the lessees were liable to the extent of $20,-150 for rentals due, $3,000 attorneys' fees, and costs of suit. In addition, guarantors were declared jointly and severally liable with lessees pursuant to the indemnity agreement for the rentals due and attorneys' fees.

On August 3, 1973, lessees moved to vacate the judgment and dismiss the complaint for failure of lessors to join Norma Shirley individually as an indispensable party plaintiff. After a hearing on August 10, 1973, the trial court denied the motion and ordered the judgment entered to be modified to include Mrs. Shirley as a party plaintiff. Thus, on August 12, 1973, an amended judgment was entered making all findings of fact and conclusions of law applicable to Mrs. Shirley individually, but the adjudging part of the decree only entered judgment in favor of Mrs. Shirley in her capacity as administratrix. The court further ordered that lessees and guarantors were awarded judgment against third-party defendant King's, Inc.

The first contention of lessees and guarantors is that the entire judgment should be vacated for failure of lessors to join an indispensable party. As pointed out above, the court, after trial when presented with a motion to dismiss the complaint for failure to join Mrs. Shirley as an indispensable party plaintiff, denied the motion. However, it modified the judgment to make her a party plaintiff in her individual capacity, and specifically found that all prior findings of fact and conclusions of law—

"are equally applicable to Norma P. Shirley, Individually, and that the addition of Norma P. Shirley, Individually, as a Party Plaintiff herein and the application of the Findings of Fact and Conclusions of Law to her does not change the facts or affect the issues so as to require any further proceedings herein."

Joinder of parties under such circumstances is recognized by our Rule 21, Rules of Civil Procedure (§ 21–1–1(21), N.M.S.A., 1953 (Repl. Vol. 4, 1970), which states in part:

"* * *. Parties may be dropped or added by order of the court on motion of

any party or of its own initiative at any stage of the action and on such terms as are just. * * *"

In Smith v. Castleman, 81 N.M. 1, 462 P. 2d 135 (1969), the joinder of indispensable parties after trial was approved where the party joined would not be prejudiced. The opposite situation as is present here existed in that case, where a Mrs. Smith, individually, was the plaintiff and she was joined after trial as a party plaintiff in her capacity as administratrix of the estate of her deceased husband. We found that such action was not reversible error and remanded the cause to the trial court with direction to grant a new trial on the sole issue of whether on October 30, 1968 (the date of the decision), she was the duly qualified administratrix of the estate of J. M. Smith, deceased, and, if so, to enter judgment in her favor.

■ In the instant case, there can be no prejudice to Mrs. Shirley individually. She testified at the trial. The outcome of the proceedings would not have been any different. Accordingly, we hold that the trial court's action in allowing the joinder after trial was proper. Therefore, it is unnecessary for us to consider the issue of waiver or the question of lack of jurisdiction because of failure to join an indispensable party.

■■ Secondly, lessees and guarantors contend that an assignment of the lease and a novation occurred by agreement of the parties, and by reason thereof they were not liable for any holdover rentals. The trial court's finding No. 12 states that:

"The Lease was not modified, was not assigned, and there was no substitution of parties to the Lease, i. e., there was no novation."

In order for this court to overturn this finding of the trial court there must be a lack of substantial evidence upon which the trial court could base its finding, for:

"It is well settled in New Mexico that the appellate court will not substitute its judgment for that of the trial court in weighing the evidence. If the trial court's findings are supported by substantial evidence, they must be affirmed. [Citation omitted.] * * *."

Tome Land & Improvement Co. v. Silva, 83 N.M. 549, 552, 494 P.2d 962, 965, (1972). Substantial evidence means such relevant evidence as a reasonable man might find adequate to support a conclusion. Cave v. Cave, 81 N.M. 797, 474 P.2d 480 (1970). A review of the complete record reveals that there was extensive evidence presented as to assignment and novation of the lease, much of it conflicting, but there was definitely ample support for the trial court's finding. Thus, the trial court's finding No. 12 must be affirmed.

Next, lessees and guarantors assert that they are not liable for attorneys' fees incurred by lessees in order to collect the holdover rentals. First, we must consider the relevant portions of the lease agreement itself. Paragraph XIII says in part that:

"* * * any such holding over shall be construed as a tenancy from month to month at the monthly rental which shall have been payable at the time immediately prior to when such holding over shall have commenced and such tenancy shall be subject to all the terms, conditions, covenants, and agreements of this lease."

The pertinent part of paragraph XVII of the lease agreement reads as follows:

"* * *. And it is further covenanted and agreed by and between the parties hereto that the Lessee shall pay and discharge all costs, attorney's fees, and expenses that shall arise from enforcing the covenants of this indenture by Lessor, Lessor's heirs, executors, administrators, assigns, or successors in interest."

■■ When these two sections are read together, it is evident that lessees cove-

nanted to pay costs and attorneys' fees necessary for the collection of rent, including rent under a holdover tenancy, because the agreement specifically states that all covenants will apply to any holdover tenancy. In Heyde v. State Securities, 63 N. M. 395, 320 P.2d 747 (1958), this court stated that, where the lease provided for costs and attorneys' fees in the event it became necessary to enforce covenants therein, lessors were entitled to reasonable attorneys' fees. In view of the terms of the lease in question, lessees should be held liable for reasonable attorneys' fees in connection with the collection of holdover rentals. The assessment of $3,000 by the trial court appears reasonable under the circumstances.

The question of holding guarantors liable for these attorneys' fees and for holdover rentals is another matter entirely. This is a question of first impression in New Mexico. While the law of other jurisdictions is rather equally divided on the matter, we believe that the better rule is presented in Zero Food Storage, Inc. v. Udell, 163 So.2d 303, 304–305 (Fla.App. 1964), which states that:

"It appears that there is a split of authority as to whether or not a guaranty not identified as a continuing one will carry over to an extended or renewal term, when the option is exercised by the action or inaction on the part of the lessee without the participation or consent of the guarantor. [Citation omitted.] However, it appears that the better reasoning is contained in those authorities which hold that a guaranty of the performance of a written lease for a specific term does not continue into a successive term [entered into pursuant to an option in a lease], without the express terms to show that the lease was of a continuing nature. [Citations omitted.]"

A similar position was taken by the court in LeCraw v. Atlanta Arts Alliance, Inc., 126 Ga.App. 656, 191 S.E.2d 572 (1972).

In the present case the lease agreement was for a period of five years with a provision for a holdover tenancy from month to month subsequent to the initial five-year tenancy. The separate guaranty agreement specifically refers to the five-year-lease agreement and the corresponding rental payment of $40,200; and finally the guarantors Frank and Anna Venaglia, agreed to:

"* * * indemnify the said Lessor in the lease agreement described immediately above against any and all loss arising from the failure of the Lessee to pay the said rents when said rents shall become due as specified in said lease agreement; or such other loss as may arise from the failure of Lessee to perform in accordance with the terms and conditions as stated in said lease agreement."

It appears from the relevant language of the guaranty agreement that it was the intent of the parties to limit the extent of the guaranty agreement to only the five-year-lease period.

The guaranty agreement is a separate, distinct contract between guarantors and the lessors and should be strictly construed.

"A guarantor is entitled to a strict construction of his undertaking and cannot be held liable beyond the strict terms of his contract. * * *

" ' * * *.

In 24 Am.Jur., Guaranty, § 71, p. 158 (Supp.1962) we find:

" 'A guarantor, like a surety, is a favorite of the law, and his liability is not to be extended by implication beyond the express limits or terms of the instrument, or its plain intent.' "

National Bank of Eastern Arkansas v. Collins, 236 Ark. 822, 826, 370 S.W.2d 91, 93–94 (1963).

A strict construction of this guaranty agreement results in a limiting of the

guarantor's liability to only the original five-year tenancy and any costs arising therefrom. Thus, the agreement does not apply to the subsequent holdover tenancy. Therefore, it logically follows that the guarantors cannot be held liable for attorneys' fees incurred in the collection of the same holdover rentals. As was stated in EAC Credit Corporation v. Wilson, 12 N. C.App. 481, 484–485, 183 S.E.2d 859, 861 (1971), a case involving a note and related guaranty agreement, but obviously relevant to the present fact situation:

> "Jurisdictions that do not allow recovery of attorneys' fees by a successful plaintiff when such are called for in the note but not in the guaranty agreement, and the latter is the instrument sued upon, base their decisions on the fact that the two instruments are separate and distinct, each with its own provisions regarding the liability of the parties. [Citations omitted.] * * *."

Lessees' final contention is that under the terms of the holdover tenancy no rentals were due after February 9, 1969. Once again this was a question of fact for the trial court. As we have stated previously, absent a showing of a lack of substantial evidence, this court cannot overturn the finding of the trial court. The record reveals that there was indeed substantial evidence upon which the trial court could base its finding, and thus it must be affirmed.

Accordingly, the judgment of the trial court is affirmed, except as to the liability of the guarantors for holdover rentals, attorneys' fees and costs. The cause is remanded to the trial court for the amending of its decision and judgment in conformity with the views herein expressed, and making its judgment applicable in all respects to Mrs. Shirley individually.

It is so ordered.

McMANUS, C. J., and STEPHENSON, J., concur.