540 P.2d 209

**Gilbert TRUJILLO, Plaintiff-Appellant,**

**v.**

**GLEN FALLS INSURANCE COMPANY, Underwriters Adjusting Company and Betty Cooper, Defendants-Appellees.**

**No. 9947.**

Supreme Court of New Mexico.

Aug. 29, 1975.

Marchiondo & Berry, Mary C. Walters, Albuquerque, for plaintiff-appellant.

Modrall, Sperling, Roehl, Harris & Sisk, Bruce D. Black, Albuquerque, for defendants-appellees.

## OPINION

MONTOYA, Justice.

This case involves an appeal from a judgment of the District Court of Bernalillo County in favor of defendants, denying a claim by plaintiff Gilbert Trujillo for specific performance of an alleged oral contract.

On August 9, 1971, plaintiff was a passenger in an automobile which was involved in a collision with a truck driven by F. B. Stutz. At the time of the accident, Mr. Stutz was insured by defendant Glen Falls Insurance Company (Glen Falls). Defendant Underwriters Adjusting Company (Underwriters) was hired by Glen Falls to adjust the claim of plaintiff against Mr. Stutz. Defendant Betty Cooper was an employee of Underwriters and was in charge of plaintiff's file. From August 13, 1971, to October 15, 1971, ten advance payments totaling $2,380.13 were made by Glen Falls to plaintiff for lost wages, medical expenses, travel and lodging. Upon receipt of each of the ten checks, plaintiff signed a "Receipt for Advance Payment" which read in part:

"This is to acknowledge receipt of $_____ paid on behalf of Glen Falls Ins. Co. to be credited to the total amount of any final settlement or judgment in my/our favor * * *."

On or about December 10, 1971, plaintiff retained William Marchiondo to represent him in this matter. After contacting defendant Underwriters, Mr. Marchiondo was furnished copies of the receipts on December 13, 1971. From the time Mr. Marchiondo was retained until October 30, 1972, he engaged in settlement negotiations with Ms. Cooper. On or about October 30, 1972, Ms. Cooper conferred with Mr. Marchiondo by telephone and offered $7,500 in

settlement of Mr. Trujillo's claim. During this conversation, there was no mention made by either Ms. Cooper or Mr. Marchiondo as to whether or not the $7,500 would include the payments previously made by defendant Glen Falls. Subsequently, Ms. Cooper forwarded a release and check totaling $4,531.47. The release was based on the check sent to Mr. Marchiondo, $2,380.13 in previous payments, plus an additional amount to be paid to Dr. Myron Rosenbaum for medical expenses. Immediately thereafter, Mr. Marchiondo returned the release and check to Ms. Cooper, indicating that he was under the impression that the $7,500 was "over and above" the previous payments. Suit was then brought by plaintiff against Glen Falls, Underwriters and Betty Cooper for specific performance of the alleged $7,500 oral agreement. Defendants denied the formation of any contract whatsoever.

After trial without a jury, the court concluded that the parties were under a mutual mistake of fact, there was no "meeting of the minds," defendant Betty Cooper was without authority to offer more than a total of $7,500 in settlement, and thus no enforceable contract was entered into. On November 20, 1973, plaintiff filed a timely notice of appeal.

Plaintiff's contention on appeal is that a contract was formed based on the objective manifestations of the parties; that this contract should be interpreted according to the mutually expressed assent of the parties; and that the undisclosed or secret intent of one party is irrelevant.

■ It is elementary in contract law that mutual assent must be expressed by the parties to the agreement. This court stated in *Lamonica v. Bosenberg,* 73 N.M. 452, 455, 389 P.2d 216, 217 (1964):

"When the minds of the parties have not met on any part or provision of a proposed contract, all of its portions are a nullity. (Citations omitted.) * * *."

In support of this principle the court cited the case of *West v. Downer,* 218 Ga. 235,

241, 127 S.E.2d 359, 364 (1962), where it is stated:

"* * *. The first requirement of the law relative to contracts is that there must be a meeting of the minds of the parties, and mutuality, (Citations omitted,) and in order for the contract to be valid the agreement must ordinarily be expressed plainly and explicitly enough to show what the parties agreed upon. (Citations omitted.) * * *."

This mutuality requirement must be found in the objective manifestations of the parties.

"* * *. The court was bound to look to appellant's express assent. It could not regard his secret or undisclosed intent. * * *"

*Higgins v. Cauhape,* 33 N.M. 11, 14, 261 P. 813, 814 (1927). See also *State ex rel. Santa Fe Sand & G. Co. v. Pecos Const. Co.,* 86 N.M. 58, 61, 519 P.2d 294, 297 (1974), where this court said:

"* * *. Also, the controlling intention of the parties is the mutually expressed assent and not the secret intent of a party. * * *"

And according to 17 C.J.S. Contracts § 32, at 640 (1963):

"The apparent mutual assent, essential to the formation of a contract, must be gathered from the language employed by them, or manifested by their words or acts, and it may be manifested wholly or partly by written or spoken words or by other acts or conduct. * * *"

In its conclusion of law No. 2, the district court concluded that:

"*The parties to the agreement, Defendant, Betty Cooper, and attorney Marchiondo, were under a mutual mistake of facts which involved an essential element of the supposed agreement;* and, therefore, there was no meeting of the minds and there was no valid contract between the parties." (Emphasis added.)

Based on the words and acts of the parties, the court felt that they attached different meanings to their words, with the difference going to the essence of the contract. The emphasized section of this conclusion, as far as it goes, is based upon the court's findings of fact. These findings are in turn supported by substantial evidence. As this court has stated innumerable times in the past, we cannot overturn findings of the trial court where they are supported by substantial evidence, with "substantial evidence" defined as "such relevant evidence as a reasonable man might find adequate to support a conclusion." *Shirley v. Venaglia,* 86 N.M. 721, 527 P.2d 316 (1974); *Cave v. Cave,* 81 N.M. 797, 474 P.2d 480 (1970).

The parties to the alleged oral contract in the instant case used the same language, but the overt manifestations reveal that they attached different meanings to their words (a latent ambiguity), and there was in fact never a mutual assent. In such a case, the courts usually apply the following principle. Where one party meant one thing and the other party meant another, the difference going to the essence of the supposed contract, the court will find no contract in law or equity unless the court should find that one party knew or had reason to know what the other party meant or understood. See 3A Corbin, Contracts § 538, at 55 (1960); Restatement of Contracts § 71, at 74 (1932); *Deerhurst Estates v. Meadow Homes, Inc.,* 71 N.J.Super. 255, 176 A.2d 555 (1961); *Cresswell v. United States,* 173 F.Supp. 805, 146 Ct.Cl. 119 (1959).

Although technically this is a matter of first impression in New Mexico, the above-mentioned principle is one of widespread application and this court has no hesitation in adopting it. This approach generally fosters the most equitable results.

It is obvious from the testimony in the cause and the findings made that the parties were using an ambiguous phrase in two different senses; that neither party to the oral contract expressed in an objective fashion what they intended the term $7,500 to mean when the alleged settlement was thought to have been arrived at. The trial

court, in effect, found upon the basis of the testimony that both understood the phrase or term $7,500 to mean something different. It is on this basis, after considering all of the testimony including those of objective manifestations that the court concluded that there had been no meeting of the minds and hence no valid contract resulted.

Although this court might have prepared different findings and conclusions than those made, we are satisfied that the trial court reached the correct result, in view of its conclusion that there was no meeting of the minds between the parties to the alleged oral contract.

The decision and judgment of the trial court are affirmed.

It is so ordered.

McMANUS, C. J., and STEPHENSON, J., concur.