INVESTORS OF NEVADA REALTY, INC., AND VERA McCAULEY, APPELLANTS, v. NEVADA STATE BANK AS EXECUTOR OF THE ESTATE OF BOBBIE SKERCE, DECEASED, RESPONDENT.

No. 13211

January 28, 1982                                    639 P.2d 554

[Rehearing denied April 9, 1982]

*L. Earl Hawley,* Las Vegas, for Appellants.

*Scotty Gladstone,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

The principal issue presented by this appeal from an order granting summary judgment is whether payment of a secured indebtedness with the proceeds of a credit life insurance policy inured to the benefit of the insured's estate or to an assuming purchaser of the property covered by the insurance. The district court held that payment inured to the benefit of the estate. We agree.

Bobbie Skerce purchased a mobile home. It was financed by the Nevada State Bank for approximately $10,000.00. Skerce obtained a fully paid life insurance policy for the amount of the loan with the Bank as beneficiary. Skerce sold the home for $1,000.00 down to the appellants, who assumed the $10,000.00 due the Bank. Skerce died. The insurance company paid the Bank's loan. The Bank, as executor of Skerce's estate, filed this action against appellants to recover the $10,000.00 for the estate.

When Skerce sold her mobile home, she was not relieved of her liability to the Bank. Although the purchaser assumed and agreed to pay the Bank, if the purchaser had not done so, Skerce, as a surety, was still liable. *See* Twombley v. Wulf, 482 P.2d 166 (Or. 1971).

> Whenever a party promises another to pay his debt or perform his obligation to a third person, as between promisor and promisee, the former becomes the principal obligor and the latter acquires the privileges of a surety.

Elder, *The Law of Suretyship,* § 2.3, p. 10 (1951).
As the court ruled in Kincaid v. Alderson:

> When thus a surety by his death through a valid life insurance policy on his life has discharged the obligation, this does not discharge the obligation of [those] who are primarily liable. It would be exactly the same situation as if a surety on an obligation for any reason decided to pay off the obligation. This would not release the principal debtor from his obligation, but it would then be transferred to the surety who had discharged the obligation to release himself as surety. Thus by the death of [surety] and his life insurance paying this debt it would merely transfer the debt of the principal obligator to the surety rather than to the creditor. When the debt is thus paid the surety is subrogated to the rights of the creditor. [Citations omitted.] This payment constitutes 'an unjust enrichment

of the principal' who must 'reimburse the surety to the extent of the enrichment.' Restatement of the Law, Security, § 104. Comment on Subsection (2), page 279.

354 S.W.2d 775, 778 (Tenn. 1962). *See also* Hatley v. Johnston, 143 S.E.2d 260 (N.C. 1965); Smith v. Castleman, 462 P.2d 135 (N.M. 1969).

The district court properly ruled that the benefit of the insurance proceeds inured to the estate of Bobbie Skerce. Appellants' remaining assignments of error are meritless. Therefore, we affirm the judgment of the district court.

GUNDERSON, C. J., and MANOUKIAN, SPRINGER, and MOWBRAY, JJ., and ZENOFF, Sr. J.,[1] concur.