1998-NMCA-103

961 P.2d 1283

**Robert POPE, as guardian and personal representative of Chandler Pope, a minor, Plaintiff–Appellant,**

v.

**THE GAP, INC., a Delaware corporation, d/b/a Gap Kids, Defendant–Appellee.**

No. 17529.

Court of Appeals of New Mexico.

June 18, 1998.

Randi McGinn, William B. Towle, McGinn & Associates, P.A., Albuquerque, for Appellant.

Luis G. Stelzner, Craig T. Erickson, Sheehan, Sheehan & Stelzner, P.A., Albuquerque, for Appellee.

## OPINION

FLORES, Judge.

{1} In this appeal, we examine the meaning of an offer of judgment under Rule 1–068 NMRA 1998. Specifically, we address two issues: (1) whether, in making and accepting an offer of judgment under Rule 1–068, the parties, Plaintiff Robert Pope (Pope) and Defendant The Gap, Inc. (The Gap), agreed to the form of judgment entered by the trial court, and (2) whether a Rule 1–068 judgment that is silent on the issue of liability can constitute a determination of liability or an admission of liability which may be used against the offeror in other litigation. For the reasons discussed herein, we hold that

the parties did not agree to the form of judgment entered by the trial court. That form of judgment contains language expressly negating The Gap's liability and Pope's damages. Rather, we conclude that The Gap is contractually bound to the form of judgment proposed by Pope, which contains no express disclaimer of liability. In so concluding, however, we hold that a Rule 1–068 judgment, which is silent regarding liability, cannot constitute a judicial determination or admission of liability that may be used against The Gap in other litigation. We reverse the trial court's judgment and remand with instructions to enter Pope's proposed form of judgment.

## I. *FACTUAL AND PROCEDURAL BACKGROUND*

{2} The underlying dispute is a product liability action in which Pope, as guardian and personal representative of his infant daughter, Chandler Pope, alleges that his daughter's legs were permanently scarred by a pair of "Baby Gap" socks purchased from The Gap. The complaint was filed June 10, 1994. Discovery in the case was extensive and protracted until settlement negotiations began in March 1996.

{3} On March 18, 1996, The Gap served on Pope an offer of judgment under Rule 1–068. The offer provided:

> Pursuant to Rule 1–068 of the New Mexico Rules of civil Procedure, Defendant The Gap, Inc., offers to allow judgment to be taken against it in this action in the sum of ELEVEN THOUSAND FIVE HUNDRED FIFTY DOLLARS ($11,550.00) which includes costs accrued to date. This offer of judgment is made for the purposes specified in Rule 1–068, and is not to be construed either as an admission that Defendant is liable in this action or that the Plaintiff has suffered any damages.

No proposed form of judgment accompanied the offer. However, the language of the offer, including the disclaimer in the last sentence, essentially tracked the language in the standard form of offer of judgment provided in 3 *Moore's Manual* —Federal Forms, Form No. 11:545 (1997) [hereinafter *Moore's*]. That form of offer is commonly used by defendants in connection with making offers of judgment under Federal Rule of Civil Procedure 68, which is identical to state rule 1–068. *See* 1A *Federal Procedural Forms*, § 1:2992 (offer of judgment, stating that evidence of offer is admissible only as to costs), § 1:2995 (form of judgment, stating nothing regarding liability) (1993); 3A *Bender's Federal Practice Forms*, 68:1 (offer of judgment, stating no admission of liability or damages), 68:20 (form of judgment) (1995); 4A *West's Federal Forms*, § 5391 (offer of judgment, stating nothing regarding liability), § 5394, (judgment, stating nothing regarding liability) (1992); 15 *Am.Jur. Pleading and Practice Forms*, Judgment Form 111 (offer of judgment, stating nothing regarding liability), 119 (judgment, stating nothing regarding liability) (1997). On March 28, 1996, Pope tendered his acceptance of the offer of judgment, along with a proposed form of judgment. The acceptance stated:

> Please take notice that the plaintiff accepts the offer of judgment served by defendant on March 18, 1996, allowing plaintiff to take judgment in this action for ... [ ] $11,550 [ ], which amount includes costs accrued up to the making of said offer.

The acceptance was silent regarding the issue of The Gap's liability, but also tracked the language in the standard form of acceptance under the offer of judgment rule. *See id.,* Form No. 11:546. The proposed form of judgment also made no mention of The Gap's liability, stating in the decretal clause only "that judgment is entered against the defendant and that plaintiff [will] recover from the defendant the amount of ... [ ] $11,550 [ ] on his claims." Like the offer of judgment and acceptance, the proposed form of judgment was consistent with the *Moore's* form and contained no language either admitting or denying liability. *See id.,* Form No. 11:547.

{4} By accepting the offer of judgment, Pope rejected a separate offer of settlement by The Gap for $12,500, which, in addition to the higher dollar amount, included the condition that the parties enter into a confidentiality agreement. This offer apparently was not made pursuant to Rule 1–068, or at least, did not contain any language referring to the

rule or the rule's language. Rather than be bound by the confidentiality provision, Pope accepted The Gap's offer of judgment for $11,550, understanding it to mean that a public judgment of liability would be entered against The Gap. The offer of judgment and acceptance were subsequently filed with the trial court.

{5} The Gap refused to approve the form of judgment proposed by Pope because it omitted language that the judgment was not to be construed as an admission of liability by The Gap or that Pope had suffered any damages. The Gap proposed its own form of judgment which included the disclaimer, and which Pope rejected.

{6} On May 1, 1996, the trial court held a presentment hearing. After hearing argument from counsel, the trial court entered The Gap's form of judgment, with the language expressly disclaiming liability. Pope appeals the judgment.

## II. *DISCUSSION*

{7} Pope contends that the trial court erred in entering The Gap's form of judgment because it fails to reflect the agreement of the parties. Pope argues that based on the plain language of the offer and acceptance, the use of form language in the offer and acceptance, and the operation of Rule 1–068, the disclaimer of liability applied only to the act of making the offer of judgment, and was not intended to be an express condition of the final judgment entered against The Gap. Pope also argues that a judgment under Rule 1–068 has the effect of being a judicial determination and admission of liability that can be used against the offeror in other litigation. The Gap contends that the trial court correctly entered the form of judgment with the language expressly disclaiming The Gap's liability, and that a judgment under Rule 1–068 need not include a finding of liability in order to be valid and enforceable.

{8} We first examine whether the form of judgment entered by the trial court accurately reflects the agreement of the parties. Concluding that it does not and that The Gap is contractually bound by the form of judgment submitted by Pope, we next consider whether Pope's form of judgment, which is silent on the issue of liability, amounts to a determination or admission of liability that can be used against The Gap in other litigation. We hold that it does not.

A. *Did the Parties Agree to the Form of Judgment Entered by the Trial Court?*

1. Standard of Review; Application of Contract Principles.

{9} In this case, the parties do not dispute the facts; rather, their arguments center on the application of the law to the facts. This is an issue we review de novo. *See Medina v. Sunstate Realty, Inc.,* 119 N.M. 136, 138, 889 P.2d 171, 173 (1995); *C.R. Anthony Co. v. Loretto Mall Partners,* 112 N.M. 504, 510, 817 P.2d 238, 244 (1991); *Sinclair Oil Corp. v. Scherer,* 7 F.3d 191, 193 (10th Cir .1993).

{10} In construing Rule 1–068, which is identical to its federal counterpart, this Court may look to federal law for guidance. *See Dickenson v. Regent of Albuquerque, Ltd.,* 112 N.M. 362, 363, 815 P.2d 658, 659 (Ct.App.1991) (citing *Benavidez v. Benavidez,* 99 N.M. 535, 539, 660 P.2d 1017, 1021 (1983)). Under federal law, courts apply ordinary contract principles in determining what was intended in an offer of judgment and whether there was a valid offer and acceptance under Federal Rule of Civil Procedure 68. *Guerrero v. Cummings,* 70 F.3d 1111, 1113 (9th Cir.1995); *Goodheart Clothing Co. v. Laura Goodman Enters.,* 962 F.2d 268, 272 (2d Cir.1992); *Whitaker v. Associated Credit Servs. Inc.,* 946 F.2d 1222, 1226 (6th Cir.1991); *Radecki v. Amoco Oil Co.,* 858 F.2d 397, 400 (8th Cir.1988); *Johnson v. University College of the Univ. of Ala.,* 706 F.2d 1205, 1209 (11th Cir.1983). This case requires us to apply contract principles of offer and acceptance and, in particular, rules of mutual assent, to The Gap's offer of judgment.

2. Mutual Assent.

{11} For an offer and acceptance to create a binding contract, there must be an objective manifestation of mutual assent by

the parties to the material terms of the contract. *Trujillo v. Glen Falls Ins. Co.*, 88 N.M. 279, 280–81, 540 P.2d 209, 210–11 (1975). Federal courts have applied this fundamental principle of contract law to offers and acceptances under Federal Rule of Civil Procedure 68. *See, e.g., Whitaker*, 946 F.2d at 1226; *Radecki*, 858 F.2d at 400; *Johnson*, 706 F.2d at 1209; *see also Boorstein v. City of N.Y.*, 107 F.R.D. 31, 33–34 (S.D.N.Y.1985) (comparing offers of judgment to contract offers and discussing mutual assent requirement).

{12} In the case before us, Pope and The Gap had different understandings of the meaning of the offer of judgment. Pope understood the offer of judgment to mean that, upon acceptance of the offer, a judgment would be entered against The Gap allowing Pope to recover $11,550 on his claims against The Gap, without any language negating The Gap's liability or Pope's damages. The Gap, however, understood the offer to mean that, upon acceptance, a judgment would be entered against The Gap for the specified amount, along with the express condition that The Gap was not admitting any liability or damages.

{13} Mutual assent is based on objective evidence, not the private, undisclosed thoughts of the parties. *See Trujillo*, 88 N.M. at 281, 540 P.2d at 211; *see also Gutierrez v. Sundancer Indian Jewelry, Inc.*, 117 N.M. 41, 52–53, 868 P.2d 1266, 1277–78 (Ct.App.1993) (Hartz, J., dissenting). In other words, what is operative is the objective manifestations of mutual assent by the parties, not their secret intentions. *See id.* The Restatement (Second) of Contracts explains the effect of misunderstandings on contracts. Where the parties attach materially different meanings to the words in the offer, mutual assent is absent if neither party knows or has reason to know the meaning attached by the other, or each party knows or has reason to know the meaning attached by the other. Restatement (Second) of Contracts § 20(1)(1981). On the other hand,

[t]he manifestations of the parties are operative in accordance with the meaning attached to them by one of the parties if

(a) that party does not know of any different meaning attached by the other, and the other knows the meaning attached by the first party; or

(b) that party has no reason to know of any different meaning attached by the other, and the other has reason to know the meaning attached by the first party.

*Id.* § 20(2).

{14} In light of the above principles, we conclude that The Gap was contractually bound to Pope's form of judgment, despite the different meanings ascribed by the parties to the offer. This is because The Gap knew or had reason to know the meaning of the offer of judgment attached by Pope, and Pope did not know or have reason to know the meaning of the offer attached by The Gap. Because The Gap's offer of judgment was made in the standard form of offer of judgment, providing that only the *offer* was not to be construed as an admission of liability or damages, *see Moore's*, Form No. 11:545, The Gap knew or had reason to know that Pope's acceptance of the offer would be with the understanding that the judgment would also be in the standard form of judgment under the offer-of-judgment rule. *See id.*, Form Nos. 11:546, 11:547. The standard forms of acceptance and judgment state simply that judgment is to be entered against the offeror in the amount set forth in the judgment, with no language expressly admitting or denying liability. *See id.* The language in Pope's acceptance and proposed form of judgment essentially tracked this form language. Therefore, we conclude that, by tendering its acceptance and proposed form of judgment, Pope assented to the terms of The Gap's offer of judgment in the manner invited by the offer. *See Orcutt v. S & L Paint Contractors, Ltd.*, 109 N.M. 796, 798, 791 P.2d 71, 73 (Ct.App.1990) (stating that an "[a]cceptance of an offer is a manifestation of assent to the terms [thereof made by] the offeree in a manner invited or required by the offer"). The Gap's subjective but unexpressed intention that the judgment itself was to include language disclaiming liability is immaterial. *See Trujillo*, 88 N.M. at 281, 540 P.2d at 211.

{15} Moreover, Pope had no reason to know, based on the plain language of the offer, that the disclaimer was intended to be expressly included in the judgment. As previously noted, the offer stated: "This *offer* of judgment is made for the purposes specified in Rule 1–068, and is not to be construed either as an admission that Defendant is liable in this action or that the Plaintiff has suffered any damages." (emphasis added). The offer clearly and unambiguously stated that the *offer* was not to be construed as an admission of liability by The Gap. The wording of the offer can be explained, in part, by the provision in Rule 1–068 which states: "An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs." *See also* Rule 11–408 NMRA 1988 (rule of evidence prohibiting use of offers to compromise as admissions of liability at trial). Although The Gap could have easily drafted the offer to explicitly state that the *judgment,* and not just the offer, was not to be construed as an admission of liability, it did not do so. *Cf. Mite v. Falstaff Brewing Corp.,* 106 F.R.D. 434, 435 (N.D.Ill.1985) (offer expressly stating that amount was "to be in total settlement . . . with no admission of liability and said judgment . . . to have no effect whatsoever except in settlement of [the] case"). Therefore, Pope had no reason to know the meaning of the offer of judgment ascribed by The Gap.

{16} As a result, we conclude that The Gap should be bound by Pope's form of judgment, without any language expressly admitting or denying liability. As previously noted, the Restatement (Second) of Contracts provides that the meaning attached by one party is operative when "that party has no reason to know of any different meaning attached by the other, and the other has reason to know the meaning attached by the first party." Restatement (Second) of Contracts § 20(2)(b) (1981); *see also* Restatement (Second) of Contracts § 201(2)(b) (1981) (similarly providing whose meaning prevails when parties have attached different meanings to a promise, agreement or a term thereof). As discussed above, here, The Gap knew or had reason to know that Pope understood the disclaimer to apply only to the act of making the offer, and Pope did not know or have any reason to know that The Gap intended the disclaimer to be expressly included in the final judgment entered against The Gap. Therefore, we reverse the judgment entered by the trial court and remand with directions to enter the form of judgment proposed by Pope.

**B. Does a Rule 1–068 Judgment Constitute a Determination or Admission of Liability?**

■ {17} Having determined that Pope's form of judgment prevails, we next address whether Pope's form of judgment, which is silent regarding liability, may constitute a determination or admission of liability that can be used against The Gap in other proceedings. We conclude that it may not.

■ {18} Pope contends that a judgment under Rule 1–068 is a judgment in every respect—it is entered on public record, establishes the liability of the offeror in the amount of the offer, is enforceable under the power of the court, and may be used as an admission of liability by the offeror in a subsequent action. In support of this position, he argues that, because offers of judgment provide "additional inducement to settle . . . those cases in which there is a strong probability that the plaintiff will obtain a judgment but [where] the amount of recovery is uncertain," *Delta Air Lines, Inc., v. August,* 450 U.S. 346, 352, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981), the resulting judgment is one that determines the liability of the offeror. He further argues that the parties' use of the standard form language in the offer and acceptance supports the view that a judgment under Rule 1–068 includes a finding of liability against the offeror. *See Moore's,* Form Nos. 11:545, 11:546, 11:547. Unpersuaded by Pope's arguments, we conclude that because a consent judgment is founded on contract, it is to be interpreted according to the parties' intentions, and therefore, does not constitute a judicial determination or admission of liability that can be used in other litigation, unless intended by the parties and reflected in the terms of the judgment.

{19} In its answer brief, The Gap cites several federal cases recognizing that an offer of judgment may provide that the offer is not to be construed as an admission of liability by the offeror. *See Staples v. Wickesberg,* 122 F.R.D. 541, 544 (E.D.Wis.1988); *Mite,* 106 F.R.D. at 434; *Coleman v. McLaren,* 92 F.R.D. 754, 757 (N.D.Ill.1981) *Aff'd sub nom. Pigeaud v. McLaren,* 699 F.2d 401 (7th Cir. 1983). *Mite* is instructive because it recognizes that, under the offer-of-judgment rule, a judgment may expressly disclaim the liability of the offeror. *Mite,* 106 F.R.D. at 435. However, as we previously discussed, unlike the offer of judgment in the case at bar, the offer in *Mite* was clear and unambiguous in expressing the intent of the offeror to have a judgment that expressly disclaimed liability. *See id.* The court held that such a limitation in the judgment was permitted under the rule. *See id.*

{20} However, neither Rule 1–068 nor the case law cited in the parties' briefs specifically addresses the question that confronts us today: Where a Rule 1–068 judgment is silent regarding liability, does it constitute a determination or admission of liability that may be used against the offeror in other litigation? We answer this question by considering the provisions of Rule 1–068 in connection with the law on consent judgments, collateral estoppel and offers to compromise.

{21} Rule 1–068 permits a defendant, until ten days before trial, to offer to allow a judgment to be taken against it. If the plaintiff rejects the offer, and a subsequent judgment in favor of the plaintiff is not more favorable than the rejected offer, plaintiff must pay costs incurred after the offer was made. *See id.* The rule provides, in part, that "a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property *or to the effect specified in his offer,* with costs then accrued." *Id.* (emphasis added). The quoted language suggests that the defendant is the master of the terms of the offer, and if the offer is accepted, a judgment is entered by the court "to the effect specified in [the] offer." In other words, Rule 1–068 leaves no discretion

in the district court to do anything but to enter the judgment once an offer of judgment has been accepted. *See Mallory v. Eyrich,* 922 F.2d 1273, 1278–79 (6th Cir. 1991). In entering the judgment, the district court does not actually determine the substance of the issues presented by the parties but only perfunctorily enters the judgment as agreed upon by the parties. *See id.; see also Radecki,* 858 F.2d at 400 (Rule 68 judgment is contractual in nature and depends on mutual assent to terms of offer).

{22} Thus, in essence, a Rule 1–068 judgment is like a consent judgment. A consent judgment is a negotiated agreement between the parties that is entered as a judgment of the court. *See State ex rel. State Highway Comm'n v. Clark,* 79 N.M. 29, 31, 439 P.2d 547, 549 (1968); *State ex rel. Dep't of Human Servs. v. Doe,* 103 N.M. 260, 264, 705 P.2d 165, 169 (Ct.App.1985); *Sinclair,* 7 F.3d at 193. It has the nature of both a contract and of a final judgment on the merits. *See Sinclair,* 7 F.3d at 193. It is similar to a judgment because it is entered and enforceable as a judgment; however, it is like a contract because its terms and conditions are reached by the mutual agreement of the parties. *See United States v. City of Miami, Fla.,* 664 F.2d 435, 439–40 (5th Cir. 1981); *In re Olson,* 170 B.R. 161, 167 (Bkrtcy.D.N.D.1994).

{23} Whether a Rule 1–068 judgment constitutes a judicial determination of liability can be determined by applying case law that analyzes whether consent judgments are entitled to res judicata and collateral estoppel effect. Most courts are in accord that a consent judgment is a final judgment on the merits for res judicata purposes and thus, the parties are barred from relitigating claims settled by the consent judgment. *See, e.g., Gagne v. Norton,* 189 Conn. 29, 453 A.2d 1162, 1164 (1983); *City of Miami,* 664 F.2d at 439; *see generally,* Sheldon R. Shapiro, Annotation, *Modern Views of State Courts As to Whether Consent Judgment is Entitled to Res Judicata or Collateral Estoppel Effect,* 91 A.L.R.3d 1170 § 3 (1979 & Supp.1997) (hereinafter Annotation, 91 A.L.R.3d 1170).

{24} However, despite the willingness of courts to give a consent judgment res judicata effect, courts have been divided on whether a consent judgment should be given collateral estoppel effect and therefore collaterally bind the parties upon specific facts or issues in future actions. *See* Annotation, 91 A.L.R.3d 1170 § 6; *see also In re Olson,* 170 B.R. at 166–68 (discussing difficulty of applying collateral estoppel doctrine to consent judgment). Some courts that have accorded a consent judgment collateral estoppel effect have allowed the consent judgment to be used affirmatively to establish a party's liability in a subsequent action. *See, e.g., Card v. Budini,* 29 A.D.2d 35, 285 N.Y.S.2d 734, 736 (N.Y.App.Div.1967) (holding that acceptance of offer of judgment in action for property damages could be used to establish defendant's negligence in a later action); *Public Serv. Elec. & Gas Co. v. Waldroup,* 38 N.J.Super. 419, 119 A.2d 172 (App.Div.1955) (consent judgment against utility company in prior proceeding was adjudication of utility company's negligence, and utility company was bound by consent judgment and not allowed to bring indemnity suit against third party); *see also* Annotation, 91 A.L.R.3d 1170 § 6[c].

{25} However, the approach in *Card* and similar cases has been strongly criticized by modern legal commentators who argue that collateral estoppel rules do not require that a consent judgment bind a party to facts which were originally in issue in an action that was settled. *See* Jay N. Varon, *Promoting Settlements and Limiting Litigation Costs By Means of the Offer of Judgment: Some Suggestions for Using and Revising Rule 68,* 33 Am.U.L.Rev. 813, 840–41 (1984) (criticizing result in *Card* ); Fleming James, Jr., *Consent Judgments as Collateral Estoppel,* 108 U.Pa.L.Rev. 173 (1959). They reason that because a judgment can be given collateral estoppel effect only as to issues actually and necessarily litigated, and in the case of a consent judgment, the parties do not actually litigate the matters put in issue but have settled the case, one of the prerequisites for collateral estoppel is unsatisfied, and thus a consent judgment should not bar the relitigation of those issues in a subsequent action. Varon, *supra;* James, Jr., *supra; see also*

Restatement (Second) of Judgments § 27 (1982) (requirements of collateral estoppel).

{26} Thus, more recently, most courts that have addressed the issue appear to have adopted the view that a consent judgment, including a Rule 1–068 judgment, is not a judicial determination of the issues raised in the action, but is primarily a reflection of the settlement agreement between the parties. *See, e.g., Scosche Industries, Inc. v. Visor Gear, Inc.,* 121 F.3d 675, 678–79 (Fed.Cir. 1997) (judgment entered pursuant to Rule 68 has no preclusive effect because parties waived right to litigate issues and Rule 68 judgment should be narrowly construed); *American Mut. Liab. Ins. Co. v. Michigan Mut. Liab. Co.,* 64 Mich.App. 315, 235 N.W.2d 769, 776 (1975) (consent judgment has no collateral estoppel effect where issues involved are not actually adjudicated, and trial judge's role in signing judgment is only ministerial); *McIlroy Bank & Trust v. Acro Corp.,* 30 Ark.App. 189, 785 S.W.2d 47, 49 (1990) (consent judgment is not judicial determination of litigated right and is judgment only in sense that it goes on the record and has force and effect of judgment); *In re Carrero,* 94 B.R. 306, 309 (Bkrtcy.S.D.N.Y. 1988) (consent decree has no collateral estoppel effect and is not admission of liability); *Sleck v. Butler Bros.,* 53 Ill.App.2d 7, 202 N.E.2d 64, 67 (1964) (consent judgment records settlement agreement between parties and is not judicial determination of rights of parties or issues and is not a judicial finding of guilt on merits); *Selig v. Barnett,* 233 Ark. 900, 350 S.W.2d 176, 180 (1981) (consent judgment is essentially contractual and not judicial determination of any litigated right); *City of Miami,* 664 F.2d at 440 (consent judgment is based on agreement of parties and is not a judicial decision on merits); *Gagne,* 453 A.2d at 1165 (consent judgment, although enforceable like any other judgment, is not a judicial determination of any litigated right); *see generally,* Annotation, 91 A.L.R.3d 1170 § 6[a].

{27} New Mexico law is consistent with this view. In refusing to recognize settlements and consent judgments as the basis for issue preclusion in *State ex rel. Martinez v. Kerr–McGee Corp.,* 120 N.M. 118, 898 P.2d

1256 (Ct.App.1995), this Court observed that "consent judgments are not normally considered fertile ground for issue preclusion" because a consent judgment is achieved by negotiation and settlement, rather than by a "full-blown, contested adjudication of all issues." *Id.* at 122, 898 P.2d at 1260. We also noted that it would be "unfair to presume prior determination of an issue from the mere fact of settlement when the contrary may more likely be true." *Id.* Thus, this Court has previously expressed its disfavor of relying on consent judgments for collateral estoppel purposes, given the absence of the requisite litigation and necessary judicial determination of the issues covered by the judgment. *See id.* at 123, 898 P.2d at 1261. Our federal courts have adopted a similar view on the scope and effect of consent judgments in the bankruptcy context. *See In re Young,* 91 F.3d 1367, 1376 (10th Cir.1996) (holding that consent judgment in state court has no preclusive effect in subsequent bankruptcy proceeding where no such intent was expressed in terms of judgment); *In re N.M. Properties, Inc.,* 18 B.R. 936, 941 (Bkrtcy. D.N.M.1982) (stating that "[a] stipulated judgment is not a judicial determination, but is a contract between the parties entering into said stipulation") (citations omitted). Therefore, applying consent judgment principles to this case, we hold that such a Rule 1–068 judgment that is silent regarding liability has no issue preclusive effect.

{28} For similar reasons, a tacit Rule 1–068 judgment does not constitute an admission of liability by the offeror. *Cf. Liquid Carbonic Corp. v. BASF Wyandotte Corp.,* 468 So.2d 1225, 1231 (La.Ct.App.1985) (holding that because consent judgment is settlement between parties and is entered without trial or testimony, it may not be used as evidence or admission of liability); *see also United States v. Armour & Co.,* 402 U.S. 673, 682, 91 S.Ct. 1752, 29 L.Ed.2d 256 (1971) (stating that because parties to consent judgment waive right to litigate issues covered by judgment, "the instrument must be construed as it is written, and not as it might have been written had the plaintiff established his factual claims and legal theories in litigation").

{29} In addition, we find offers of judgment to be similar to offers to compromise which generally are inadmissible to prove the liability of a party on a claim or its amount. *See* Rule 11–408; *see also* 4 John Henry Wigmore, *Evidence in Trials at Common Law* § 1061, at 36 (Chadbourn rev.1972) (observing that offer to compromise does not ordinarily imply belief that adversary's claim is well founded, but rather, a preference to avoid further prosecution of claim by payment of sum offered). In this case, The Gap, in making the offer of judgment, was not conceding any wrongdoing or fault, but, as it states, may have only been making "a business decision" to offer a judgment for what it considered to be the nuisance value of the case.

{30} Further, a *judgment* that is entered following the acceptance of an offer of judgment does not constitute an admission of liability. *See Ershig Sheet Metal, Inc. v. Gen. Ins. Co. of Am.,* 62 Wash.2d 402, 383 P.2d 291, 294 (1963) (stating that a fully agreed-upon compromise is not an admission of liability where there is "no reason to distinguish between an offer to compromise and a completed compromise in determining whether proffered evidence is admissible on the basis that it is an admission of liability"); *cf.* Rule 11–408 (providing that neither offer to compromise, nor the acceptance of such an offer, may be admitted into evidence to prove liability or the amount of a claim). We also note that ordinarily even a judgment entered after a full trial is not admissible as evidence of what was decided at trial. *See State v. O'Kelley,* 118 N.M. 52, 55, 878 P.2d 1001, 1004 (Ct.App.1994); *State v. Hoeffel,* 112 N.M. 358, 359–61, 815 P.2d 654, 655–57 (Ct. App.1991); Rule 11–803(V), (W) NMRA 1998 (hearsay exceptions for certain judgments used for specific purposes). Thus, we conclude that neither the offer of judgment nor the final judgment entered against The Gap would be admissible in other litigation as evidence of The Gap's liability.

{31} We note that one exception to the rule that a consent judgment is not to be given preclusive effect is where the parties have entered into an agreement manifesting an intention to be collaterally bound by the

terms of a judgment, and the intention of the parties is expressed in the terms of the judgment. *See Martinez,* 120 N.M. at 123, 898 P.2d at 1261; *Young,* 91 F.3d at 1376 (intent to be collaterally bound must be clearly shown); *see generally,* Annotation, 91 A.L.R.3d 1170 § 6[b]. Thus, we conclude that unless the judgment expressly admits liability or states that the issue of liability is to be given collateral estoppel effect, a judgment entered pursuant to Rule 1–068 is not an admission or adjudication that can be used to establish liability in other litigation. Here, the judgment contains no language expressing such an intention.

{32} Our holdings today are consistent with the primary purpose of Rule 1–068 which is to encourage settlement and to avoid protracted litigation. *See Delta Air Lines, Inc.,* 450 U.S. at 352, 101 S.Ct. 1146; *Marek v. Chesny,* 473 U.S. 1, 5, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985). A rule that imposes the harsh result of establishing liability for the purposes of other litigation where the parties have agreed to forego litigation of the issues in favor of the entry of a judgment that settles the action would undercut the policies driving Rule 1–068 and society's interest in reducing costly and protracted litigation. *See American Mut. Liab. Ins. Co.,* 235 N.W.2d at 777.

## III. *CONCLUSION*

{33} In sum, we conclude that (1) The Gap is contractually bound to the form of Rule 1–068 judgment proposed by Pope, which contains no express disclaimer of liability; (2) a Rule 1–068 judgment that is silent on the issue of liability is not a judicial determination or admission of liability that can be used in other litigation; and (3) a Rule 1–068 judgment may not constitute a determination or admission of liability unless intended by the parties, and such an intention is reflected in the terms of the judgment. Accordingly, we reverse the trial court's judgment and remand with instructions to enter the form of judgment proposed by Pope.

{34} **IT IS SO ORDERED.**

HARTZ, C.J., concurs.

APODACA, J., concurring in part, dissenting in part.

APODACA, Judge, concurring in part and dissenting in part.

{35} I concur in the majority's determination under subsection II(A) of the opinion reversing the trial court's entry of the form of judgment proposed by The Gap. I respectfully dissent, however, from the majority's conclusion under subsection II(B) that a Rule 1–068 judgment does not constitute a determination or admission of liability.

{36} My dissent is premised on the fact that a determination of this issue is unnecessary to the precise issue that is now before this Court in this appeal. *See Skaggs v. Conoco, Inc.,* 1998–NMCA–061 ¶ 19, 125 N.M. 97, 957 P.2d 526 (holding that courts will not decide unnecessary issues). For that reason, I conclude that the majority's discussion under subsection II(B) is dicta, even though the parties requested the Court to decide the issue.

{37} In his brief in chief, Pope argues that the form of judgment should not contain language limiting The Gap's liability. Pope's brief in chief also alludes to a Rule 1–068 judgment as an admission of liability. The parties sought our determination of this issue at oral argument. The question, however, is not properly before us. The parties' premature request of this Court is tantamount to a request that we issue an advisory opinion, which we should not do in the absence of a justiciable issue. *See Santa Fe S. Ry. v. Baucis Ltd. Liab. Co.,* 1998–NMCA–002, 24, 124 N.M. 430, 952 P.2d 31.

{38} The trial court entered The Gap's form of judgment that contained language expressly disclaiming liability. Our opinion reverses that judgment and requires entry of Pope's proposed form of judgment that is silent on The Gap's liability. Before entry of Pope's form of judgment, I do not believe that we can determine its effect on liability. The parties have not had the opportunity to implement the judgment without the limiting language. Pope has not yet attempted to use the judgment in another proceeding as an adjudication or admission of liability. Such

an event may or may not occur in the future. Until it does, however, and a proper ruling is before us in another appeal, it would be premature to consider, much less determine, the issue. In addressing the effect of Pope's form of judgment, the majority considers an issue that is not real, present, or imminent. *See id.* Because the reasoning is unnecessary to a determination of the only issue before the Court, I dissent from the dicta expressed in subsection II(B). *See Rocky Mountain Life Ins. Co. v. Reidy,* 69 N.M. 36, 40, 363 P.2d 1031, 1035 (1961).