1999-NMCA-130

990 P.2d 825

**Donna FULLER, Plaintiff, and Daniel Fuller, Plaintiff–Appellant,**

v.

**Edward BACHEN and Ethel Bachen, Defendants–Appellees.**

No. 19,882.

Court of Appeals of New Mexico.

Sept. 22, 1999.

Gabrielle M. Valdez, Eaton, Martinez & Hart, P.C., Albuquerque, for Appellant.

Randal W. Roberts, Cynthia A. Mungle, Simone, Roberts, & Weiss, P.A., Albuquerque, for Appellees.

## OPINION

APODACA, Judge.

{1} This interlocutory appeal arises from the trial court's order granting Defendants' motion to set aside an offer of judgment made pursuant to Rule 1–068 NMRA 1999. Plaintiff Daniel Fuller raises one issue on appeal: whether the trial court erred in granting Defendants' motion to set aside the offer of judgment. In raising this issue, Plaintiff argues various grounds for affirmance, one of which is that Rule 1–060(B) NMRA 1999 does not apply to the setting aside of an offer of judgment when a judgment on that offer has not yet been entered. We disagree and hold that the trial court did not abuse its discretion in setting aside the offer. We therefore affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{2} The facts are undisputed. Plaintiff and his wife were injured in an automobile accident and sued Defendants. Before trial, Plaintiff offered to settle his claim for $12,000. Defendants countered with an offer for $4,000. At the same time, Defendants made a settlement offer to Plaintiff's wife in the amount of $22,000. No settlement was ever reached. Pursuant to Rule 1–068, Defendants later made offers of judgment in the amount of $4,001 and $22,001. Apparently

the names on the offers were transposed so that Plaintiff received an offer for $22,001, and his wife received an offer of $4,001. Plaintiff accepted the offer of judgment. Eventually, Defendants realized their mistake and filed a motion to set aside the offer. The trial court entered an order granting the motion. Neither the motion nor the order was expressly based on Rule 1–060(B). Plaintiff essentially argues that the trial court erred in granting the motion because Defendants' negligence in not discovering their unilateral mistake was a proper basis for denying relief.

## II. DISCUSSION

### A. Standard of Review

{3} The issue in this appeal presents a question of law. Because the facts are not in dispute, the question thus narrows to "the application of the law to the facts." *Pope v. Gap, Inc.*, 1998–NMCA–103, ¶ 9, 125 N.M. 376, 961 P.2d 1283. We therefore would ordinarily review this issue de novo. *Id.* Because, however, we have determined that Rule 1–060(B) is applicable to the procedural facts in this appeal, we review the trial court's decision for an abuse of discretion. *See Phelps Dodge Corp. v. Guerra*, 92 N.M. 47, 50, 582 P.2d 819, 822 (1978) ("Setting aside a judgment under Rule 1–060(B) is discretionary with the trial court.").

### B. Application of Rule 1–060(B)

{4} Plaintiff argues that reliance on Rule 1–060(B) is misplaced because the judgment was not final. *See* Rule 1–060(B) (stating that "the court may relieve a party . . . from a final judgment"). We have recently discussed the application of Rule 1–060(B) in setting aside a judgment entered under Rule 1–068. *See Shelton v. Sloan*, 1999–NMCA–048, ¶ 35–36, 127 N.M. 92, 977 P.2d 1012 (discussing the application of Rule 1–060(B) concerning a Rule 1–068 offer of judgment). In *Shelton*, we examined Rule 1–068 and pointed out that the language of the rule "provides that 'such judgment may be entered as the court may direct.' " *Id.* (quoting Rule 1–068). *Shelton* noted that this language would appear to make it "appropriate to deny entry of judgment when a ground set

forth in Rule 1–060 has been established." *Id.* We consider the discussion in *Shelton* persuasive and adopt it as a basis for our holding in this appeal.

{5} We recognize this Court has previously stated that "Rule 1–068 leaves no discretion in the [trial] court to do anything but to enter judgment once an offer of judgment has been accepted." *Pope*, 1998–NMCA–103, ¶ 21 125 N.M. 376, 961 P.2d 1283. *Pope*, however, made that statement in a different context—discussion of the "judicial determination or admission of liability" concerning Rule 1–068 judgments. *Id.* ¶ 18. *Pope* was merely stating that "the [trial] court does not actually determine the substance of the issues presented . . . but only [ ] enters the judgments as agreed upon by the parties." *Id.* ¶ 21. *Pope* did not address whether it would be appropriate to deny entry when a mistake in the offer had been made. Even if we took this language in *Pope* literally, however, and required the trial court to enter judgment, the result here would be the same. The trial court, after entering judgment, could set it aside. In this connection, we agree with Defendants that to require the judgment to first be entered before applying Rule 1–060(B) "would put form over substance." As we see it, entering a judgment based on an offer of judgment and then setting it aside is equivalent to setting aside the offer of judgment in the first place. *See Shelton*, 1999–NMCA–048, ¶ 36, 127 N.M. 92, 977 P.2d 1012 (suggesting that if grounds to set aside judgment under Rule 1–060(B) have been established, those same grounds can be considered in determining "whether to enter judgment on [a] Rule 1–068 settlement"). We therefore hold that reliance on grounds set forth in Rule 1–060(B) to deny entry of an offer of judgment is proper.

{6} Plaintiff next argues that, even if the trial court properly relied on Rule 1–060(B), it nonetheless erred in granting Defendants' motion. In his brief-in-chief, Plaintiff contends that Rule 1–060(A) and 1–060(B)(1) are not applicable. Although there is no reference to Rule 1–060(B) in the order granting Defendants' motion to set aside the

offer, the trial court did, in the discussion regarding the motion, state that the transposition of the names was "sort of in the nature of a clerical error ... almost like what you see under Rule 60(B)." Rule 1–060(A) deals with clerical mistakes and Rule 1–060(B)(1) deals with "mistakes, inadvertence, surprise, or excusable neglect." Additionally, Rule 1–060(B) contains five other reasons a trial court can use to set aside a judgment under the rule. One of them states "any other reason justifying relief from the operation of the judgment." Rule 1–060(B)(6). As we previously noted, an appellate court "will not interfere with the action of [a] trial court in vacating a judgment except upon a showing of abuse of discretion." *Guerra*, 92 N.M. at 51, 582 P.2d at 823. *Guerra* observed that a "court should be liberal in determining what constitutes good cause to vacate a judgment so ... substantial justice will be done." *Id.* A trial court's discretion "is abused only when the judge has acted arbitrarily or unreasonably under the particular circumstances." *McKee v. United Salt Corp.*, 96 N.M. 382, 385, 630 P.2d 1237, 1240 (Ct.App. 1980). We hold that the trial court did not act arbitrarily or unreasonably and thus did not abuse its discretion in setting aside the offer of judgment.

## III. CONCLUSION

{7} We hold that Rule 1–060(B) applies to a trial court's consideration of whether to set aside an offer of judgment made under Rule 1–068. For that reason, we conclude that the trial court did not abuse its discretion in setting aside Defendants' offer. We therefore affirm.

{8} **IT IS SO ORDERED.**

DONNELLY and BOSSON, JJ., concur.