This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38931**

**KEFTY EATON,**

Plaintiff-Appellee,

v.

**SOLARCITY d/b/a TESLA ENERGY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY\
Erin B. O'Connell, District Judge**

Gilpin Law Firm, LLC
Donald G. Gilpin
Christopher P. Machin
Albuquerque, NM

for Appellee

Rodey, Dickason, Sloan, Akin & Robb, P.A.
Charles J. Vigil
Jeffrey L. Lowry
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant SolarCity appeals from a district court order denying its motion to dismiss and to compel arbitration. SolarCity contends that Plaintiff Kefty Eaton signed a valid and enforceable agreement that requires Eaton to pursue employment related disputes in arbitration. Determining that the district court did not err in denying SolarCity's motion, we affirm.

**BACKGROUND**

**{2}** Eaton began working at SolarCity, which manufactures, markets, and installs residential and commercial solar systems, in 2014. During a meeting on the first day of employment, Eaton and sixty other newly hired employees were told to provide electronic signatures acknowledging acceptance of the terms of SolarCity's employee policies. Eaton did so upon two documents, an "at[-]will employment, confidential information, invention assignment, and arbitration agreement" and a "sales compensation plan," both of which contained varying arbitration clauses. Eaton also signed an offer letter, which provided that "[a]s a condition of [his] employment, [he] will also be required to sign and comply" with, among other things, an arbitration agreement.

**{3}** After being terminated from SolarCity in 2017, Eaton filed a complaint alleging employment discrimination on the basis of age and retaliatory discharge. SolarCity filed a motion to dismiss and compel arbitration. Eaton filed a response and provided an affidavit stating that during the meeting at which electronic signatures were being gathered, "[m]any of the laptops did not work and [the newly hired employees] were being pressured to finish clicking acceptance of the [employee h]andbook [policies,]" which employees "would be allowed to review . . . at some later time," so other employees could use the laptops that did work. SolarCity explained that the employees were "agreeing to be bound by the [employee h]andbook and that [SolarCity] had a right to unilaterally change the policies and compensation plan in the [employee h]andbook." The district court denied SolarCity's motion concluding that Eaton "raised genuine issues of material fact" as to whether the arbitration agreement was supported by mutual assent. SolarCity appeals.

**DISCUSSION**

**{4}** SolarCity contends that the district court erred in declining to enforce the arbitration agreement and that under the agreement, any disputes concerning its validity or application must be resolved in arbitration.[1] Eaton answers that the district court did not err in declining to enforce the arbitration agreement because the agreement lacked mutual assent.

**Standard of Review**

**{5}** "We apply a de novo standard of review to a district court's denial of a motion to compel arbitration." *Cordova v. World Fin. Corp. of N.M.*, 2009-NMSC-021, ¶ 11, 146 N.M. 256, 208 P.3d 901. "As with a summary judgment motion, a motion to compel arbitration may only be granted when there is no genuine issue of material fact as to the existence of an agreement. Only when there is no genuine issue of fact concerning the formation of an arbitration agreement should the court decide the existence of the

---

1Because we affirm the district court's determination that there is a genuine issue of material fact as to whether the agreement is supported by mutual assent, we decline to address SolarCity's argument that any issue concerning the validity or application of the agreement must be resolved in arbitration.

agreement as a matter of law." *DeArmond v. Halliburton Energy Servs., Inc.*, 2003-NMCA-148, ¶ 4, 134 N.M. 630, 81 P.3d 573 (citation omitted). "[W]hen considering a motion to compel arbitration which is opposed on the ground that no agreement to arbitrate had been made between the parties," the district court gives "the opposing party the benefit of all reasonable doubts and inferences that may arise." *Id.* (internal quotation marks and citation omitted).

**{6}** A legally enforceable contract is a prerequisite for arbitration, and without such a contract, the parties will not be forced to arbitrate. *See Heye v. Am. Golf Corp.*, 2003-NMCA-138, ¶ 8, 134 N.M. 558, 80 P.3d 495 (explaining that the presumption in favor of arbitration is reversed when there is a dispute as to the existence of an agreement). The party who seeks to compel arbitration has the burden of proof to establish the existence of a valid agreement to arbitrate. *See Corum v. Roswell Senior Living, LLC,* 2010-NMCA-105, ¶¶ 3, 16, 149 N.M. 287, 248 P.3d 329 (stating that the party attempting to compel arbitration has the burden of proof to establish the existence of a valid agreement to arbitrate); *see also DeArmond*, 2003-NMCA-148, ¶ 9 (explaining that the party relying on a contract has a burden to prove it is legally valid and enforceable). "Ordinarily, to be legally enforceable, a contract must be factually supported by an offer, acceptance, consideration, and mutual assent." *Garcia v. Middle Rio Grande Conservancy Dist.*, 1996-NMSC-029, ¶ 9, 121 N.M. 728, 918 P.2d 7 (internal quotation marks and citation omitted). "Parties can be said to mutually assent to a contract when they have the same understanding of the contract's terms." *DeArmond*, 2003-NMCA-148, ¶ 20. "Mutual assent is based on objective evidence, not the private, undisclosed thoughts of the parties." *Pope v. Gap, Inc.*, 1998-NMCA-103, ¶ 13, 125 N.M. 376, 961 P.3d 1283.

**SolarCity Fails to Refute the District Court's Conclusion That There Exists a Genuine Issue of Material Fact as to Whether the Arbitration Agreement Is Supported by Mutual Assent**

**{7}** SolarCity contends that the three documents electronically signed by Eaton demonstrate his mutual assent to arbitrate.[2] Eaton answers that the district court correctly determined that there is a genuine issue of material fact regarding mutual assent because Eaton did not know that he was entering an agreement to arbitrate, was not allowed to read the policies contained in the agreement, and was not provided a hard copy to review.

**{8}** In challenging the district court's order denying its motion to compel arbitration on appeal, SolarCity must establish that the arbitration agreement is legally valid and enforceable because it is "supported by an offer, an acceptance, consideration, and mutual assent." *DeArmond*, 2003-NMCA-148, ¶ 9; *Garcia*, 1996-NMSC-029, ¶ 9. Under this framework, to sufficiently challenge the district court's conclusion that there is a

---

[2]Although SolarCity emphasizes that generally "arguments about the circumstance of signing of an agreement . . . are asserted as claims of procedural unconscionability rather than lack of mutual assent," because Eaton does not make arguments regarding the unconscionability of the agreement on appeal nor did the district court's order hinge on such analysis, we decline to further address this argument.

genuine issue of material fact concerning mutual assent, SolarCity must demonstrate that Eaton mutually assented to the agreement by attacking the validity of the affidavit or explaining how Eaton provided mutual assent outside the factual scenario put forth in the affidavit, such as to render the affidavit irrelevant. As the district court aptly explained, SolarCity "did not submit any evidence to dispute the facts asserted by [Eaton] in his [a]ffidavit demonstrating [that] he did not mutually assent to the formation of the [agreement]." Indeed, SolarCity presented no such evidence or made any arguments concerning the validity of the affidavit before the district court nor do they do so on appeal.

**CONCLUSION**

**{9}**    We, therefore, affirm.

**{10}    IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**KRISTINA BOGARDUS, Judge**