The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: _____

Filing Date: **February 27, 2023**

**No. A-1-CA-39597**

**KURT COOK and HECTOR RANGEL,**

Plaintiffs-Appellants,

v.

**LAWRENCE ROCKETT, JONATHAN FRENCH, and DARLENE FRENCH,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**R. David Pederson, District Court Judge**

Burns Law Group, P.C.
Mitchel S. Burns
Farmington, NM

for Appellants

Dugan & Associates, P.C.
Thomas P. Dugan
Durango, CO

for Appellee Lawrence Rockett

The Law Offices of Tyson K. Gobble
Tyson K. Gobble
Farmington, NM

for Appellees Jonathan French and Darlene French

**OPINION**

**BUSTAMANTE, Judge, retired, sitting by designation.**

{1}     This case provides a tricky problem regarding stipulated judgments and statute of limitations. Plaintiffs Kurt Cook and Hector Rangel appeal the district court's decision that their complaint—based wholly upon an order from an earlier case in 2001—was barred by the statute of limitations for judgments. *See* NMSA 1978, § 37-1-2 (1983, amended 2021).[1] We hold that stipulated judgments that reflect contractual arrangements between parties are not subject to the statute of limitations in Section 37-1-2. We therefore reverse the district court's dismissal of Plaintiffs' complaint, and remand to the district court for further proceedings.

**BACKGROUND**

{2}     The following facts are taken from Plaintiffs' complaint and the attached exhibits.[2] In 2001, Ernie Martin and Mary Hegwer had a legal dispute over property

---

[1]All references to Section 37-1-2 in this opinion are to the 1983 version of the statute, which was in effect in 2001.

[2]The district court inexplicably made findings of fact and conclusions of law in support of its order despite the fact that it was based on Defendants' motion to dismiss. *See Derringer v. State*, 2003-NMCA-073, ¶ 5, 133 N.M. 721, 68 P.3d 961. ("A motion to dismiss for failure to state a claim . . . tests the legal sufficiency of the complaint." (citation omitted)). The findings do not address each factual allegation in the complaint and do not contradict what was pleaded, thus we accept all facts as true for the purposes of our background section. *See Morales v. Reynolds*, 2004-NMCA-098, ¶ 25, 136 N.M. 280, 97 P.3d 612 (noting that in reviewing a motion to dismiss we accept "all well-pleaded factual allegations as true and resolv[e] all doubts in favor of the sufficiency of the complaint" (internal quotation marks and citation omitted)).

in Farmington, New Mexico. At that time, Martin was the owner of 515 East Main Street (Main Property), and Hegwer owned the abutting property at 434 East Broadway Street (Broadway Property). In August 2001, Martin and Hegwer entered into an agreement that granted Martin, his heirs, or assigns, a right of first refusal to purchase the Broadway Property. The parties read the agreement into the record to the district court. The district court signed off on the agreement and entered an order in October 2001 (the order). The relevant portion of the order states:

> [Martin], his heir or assigns, shall have the right of first refusal to purchase [Hegwer]'s property. Said right of first refusal shall be exercised within 30 days of presentation of any bona fide, legitimate offer by a ready, willing and able purchaser. Said offer shall be accompanied by an appraisal from a licensed appraiser. [Martin] is granted the option of purchasing the property for the same terms and conditions as indicated in the bona fide offer, or if the offer is greater than the appraisal plus ten percent (10%), then [Martin] may purchase the property for the appraised value plus ten percent (10%). Said right of first refusal shall run with the property and may be executed on all or part of [Hegwer]'s property that she may decide to sell. Said right of first refusal shall also be binding upon [Hegwer]'s heirs or assigns. If [Martin] does not exercise his option within 30 days of receiving notice of an offer that triggers the option, the option shall terminate. [Hegwer] is under no obligation to sell the property, except under the terms contained herein.

The order was recorded with the San Juan County Clerk a week later.

{3} Hegwer deeded the Broadway Property to herself and Defendant Lawrence Rockett in May 2003 and recorded the deed with the San Juan County Clerk in June 2004. Hegwer died in July 2009, leaving Defendant Rockett as the sole owner of the Broadway Property. Defendant Rockett then sold the Broadway Property to

Defendants Jonathan and Darlene French in March 2018. Defendant Rockett did not present a bona fide offer and appraisal to the owners of the Main Property before the sale of the Broadway Property.

{4} Plaintiffs and the prior owner of the Main Property first learned of the sale of the Broadway Property in mid-September 2019. Plaintiffs, the current owners of the Main Property, purchased the Main Property in late-September 2019. Plaintiffs secured a licensed appraiser, who appraised the Broadway Property at a value of $120,000. Plaintiffs mailed a letter to Defendant Rockett exercising the option to purchase the Broadway Property for the amount of the appraisal plus 10 percent in January 2020.

{5} In February 2020, Plaintiffs filed this complaint against Defendants and asserted claims for declaratory judgment, specific performance, quiet title, and breach of contract. In lieu of an answer, Defendant Rockett filed a Rule 1-012(B)(6) NMRA motion to dismiss. He argued that because the claims asserted by Plaintiffs were based on a judgment that was filed more than eighteen years ago, and the statute of limitations for actions founded upon a judgment is fourteen years, *see* § 37-1-2, the statute of limitations barred Plaintiffs' complaint. After a hearing on the motion, the district court dismissed the action with prejudice. In its order, the district court adopted findings of fact and conclusions of law, in which it noted the findings of fact were not disputed by the parties. Plaintiffs appeal.

**DISCUSSION**

{6}    Plaintiffs argue (1) the right of first refusal in the order is a contract and not a judgment subject to Section 37-1-2; (2) the fourteen-year limitation period in Section 37-1-2 does not begin until the right of first refusal option has arisen; and (3) the order was a conveyance of a future option to purchase property pursuant to NMSA 1978, Section 47-1-12 (1903) and not a judgment within the meaning of Section 37-1-2.

{7}    Generally, we review a district court's decision to dismiss a case under Rule 1-012(B)(6) de novo. *Delfino v. Griffo*, 2011-NMSC-015, ¶ 9, 150 N.M. 97, 257 P.3d 917. However, the district court granted Defendant Rockett's motion to dismiss after considering the transcript of the August 2021 hearing and making findings of facts and conclusions of law. We therefore treat the district court's action as granting summary judgment in favor of Defendants. *See id.* ¶ 10 ("We review motions to dismiss as motions for summary judgment when the district court considered matters outside the pleadings in making its ruling."); *First Sw. Fin. Servs. v. Pulliam*, 1996-NMCA-032, ¶ 4, 121 N.M. 436, 912 P.2d 828 (treating the district court's action as summary judgment when the district court granted a motion to dismiss after reviewing affidavits filed by the opposing party).

{8}    "Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Self v. United*

4

*Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582. As the parties do not disagree on the facts, and the issue before us is whether the order should have been dismissed as a matter of law, our review is de novo. *See Dominguez v. Perovich Props., Inc.*, 2005-NMCA-050, ¶ 9, 137 N.M. 401, 111 P.3d 721 (reviewing a motion for summary judgment de novo when the parties presented no genuine issues of material fact).

{9}     To the extent we must engage in statutory interpretation, our review is de novo. Generally, "[i]n construing the language of a statute, our goal and guiding principle is to give effect to the intent of the Legislature." *Grisham v. Romero*, 2021-NMSC-009, ¶ 23, 483 P.3d 545. "In determining legislative intent, we look to the plain language of the statute and the context in which it was enacted, taking into account its history and background." *Pirtle v. Legis. Council Comm.*, 2021-NMSC-026, ¶ 14, 492 P.3d 586.

{10}     The statute of limitations for judgments states, "Actions founded upon any judgment of any court of the state may be brought within fourteen years from the date of the judgment, and not afterward." Section 37-1-2. We must determine if the order is subject to this statute of limitations. We hold it is not and explain.

{11}     We start with the order. Defendants argue that the order "had the earmarks of a default judgment since Mr. Martin and Ms. Hegwer both failed to produce the written agreement ordered by the trial court." Defendants rely on the fact that Martin

and Hegwer were told by the district court to reduce their agreement to a writing, but failed to do so, and the order does not bear the signature of the parties or their counsel. We disagree.

{12} The order is titled "Stipulated Final Judgment and Order." The parties agreed to the terms of the order in front of the district court. The order states, "THIS MATTER, having come before the Court for final hearing on August 28, 2001, the parties being present and represented by counsel, the Court having heard the stipulation of the parties, and being otherwise fully advised in the premises," before making findings. The district court judge signed the order, despite neither the parties nor their attorneys signing it. Based on our review, the order is, at its core, a stipulated judgment. *See Maestas v. Martinez*, 1988-NMCA-020, ¶ 15, 107 N.M. 91, 752 P.2d 1107 ("Where an issue to be determined rests upon the interpretation of documentary evidence, an appellate court is in as good a position as the [district] court to determine the facts and draw its own conclusions."); *see also Benavidez v. Benavidez*, 2006-NMCA-138, ¶ 8, 140 N.M. 637, 145 P.3d 117 ("The same rules of interpretation apply in construing the meaning of a court order or judgment as in ascertaining the meaning of other written instruments. The plain meaning of the language used is the primary indicator of intent." (internal quotation marks and citation omitted)).

{13} A stipulated judgment, otherwise known as a consent judgment, "is a negotiated agreement between the parties that is entered as a judgment of the court." *Pope v. Gap, Inc.*, 1998-NMCA-103, ¶ 22, 125 N.M. 376, 961 P.2d 1283. "[S]tipulated judgments have characteristics of both judgments and contracts." *Allred v. N.M. Dep't of Transp.*, 2017-NMCA-019, ¶ 29, 388 P.3d 998. Stipulated judgments are "similar to a judgment because [they are] entered and enforceable as a judgment; however, [they are] like a contract because [their] terms and conditions are reached by the mutual agreement of the parties." *Pope*, 1998-NMCA-103, ¶ 22. Stated more clearly, stipulated judgments are "achieved by negotiation and settlement, rather than by a full-blown, contested adjudication of all issues." *Id.* ¶ 27 (internal quotation marks and citation omitted). "As a general rule, a stipulated judgment is not considered to be a judicial determination, but a contract between the parties." *Allred*, 2017-NMCA-019, ¶ 29 (alteration, internal quotation marks, and citation omitted); *see Lewis v. City of Santa Fe*, 2005-NMCA-032, ¶ 11, 137 N.M. 152, 108 P.3d 558 ("It is well established in this state that settlements and judgments entered by the consent of the litigants essentially represent contractual agreements."). As the order is a stipulated judgment, and considered a contract between the parties, *see* NMSA 1978, § 37-1-3(A) (2015) (providing a statute of limitation for contracts in writing), the district court erred in applying the statute of limitations for judgments.

**{14}** Defendants argue that Section 37-1-2 applies to all types of judgments, even if the order could be considered a contract. We acknowledge that the plain language of Section 37-1-2 refers to "[a]ctions founded upon any judgment of any court," and does not in its plain language limit the form of the judgment to which it applies. "However, if the plain meaning of [a] statute is doubtful, ambiguous, or if an adherence to the literal use of the words would lead to injustice, absurdity or contradiction, we will construe the statute according to its obvious spirit or reason." *Baker v. Hedstrom*, 2013-NMSC-043, ¶ 11, 309 P.3d 1047 (alterations, internal quotation marks, and citation omitted).

**{15}** Applying Section 37-1-2 to all judgments, including stipulated judgments, would lead to absurd results. Defendants' argument would invalidate all previous stipulated judgments that are more than fourteen years old. For instance, here, it was clear that the parties agreed to the terms laid out at the August 2001 pretrial hearing—including the right of first refusal. The district court memorialized the agreement in the order. One party cannot discharge their responsibilities by simply waiting fourteen years. Contracts should be enforceable so long as matters are outstanding. Further, Defendants' argument would lead to absurd results for other actions like declaratory judgments and quiet title actions. *See* NMSA 1978, § 44-6-2 (1975) (providing that in a declaratory action, district courts have the authority to "to declare rights, status and other legal relations whether or not further relief is or

8

could be claimed"); NMSA 1978, § 42-6-1 (1951) (establishing a cause of action for quiet title). Legal declarations arising from declaratory judgments and quiet title actions memorialized in a judgment do not lose effect after fourteen years. Finally, Defendants' argument would hamstring a district court's ability to settle cases because it would require every future agreement memorialized by the district courts to be enforced within fourteen years. This would unreasonably limit judicial authority and impair district courts' ability to oversee and encourage settlements, which would waste judicial resources. Therefore, we decline to construe Section 37-1-2 such that it would lead to such absurd results.

{16}     Defendants next argue that, even if the order is a contract, the statute of limitations for contract rights would have expired in 2007 based on Section 37-1-3(A). Defendants misconstrue the statute. "It is a fundamental principle of contract law that the statute of limitations on a breach of contract claim runs from the date the contract is breached." *Brooks v. State Farm Ins. Co.*, 2007-NMCA-033, ¶ 11, 141 N.M. 322, 154 P.3d 697 (alteration, internal quotation marks, and citation omitted). Based on the facts before us, the statute of limitations began running at the September 2019 sale of the Broadway Property, not when the district court entered the stipulated judgment.

{17}     Defendants' final argument is that "[a] cause of action founded on a judgment expires when the judgment expires even though separate rights and causes of action

9

are present" and that "the existence of a valid judgment is a prerequisite to any cause of action founded on the judgment." Defendants cite only to *Western States Collection Co. v. Shain*, 1971-NMSC-102, 83 N.M. 203, 490 P.2d 461, for these propositions. *Shain* is based on a discrete issue—which statute of limitations, the statute of limitations for judgment liens or judgments, controlled for the foreclosure of a judgment lien. *Id.* ¶¶ 2-6. At the time, no statute specifically provided a statute of limitation for judgment liens, but a four-year limitation was enacted for all actions not otherwise provided or specified, *id.* ¶ 5, and seven-year statute of limitations was provided for judgments. *Id.* ¶ 4. Our Supreme Court noted that "[t]he existence of a valid judgment is a prerequisite to the existence of the lien," *id.* ¶ 13, and there is "no reason upon principle for denying the existence of the lien, so long as the judgment itself possesses full vitality." *Id.* ¶ 14 (internal quotation marks and citation omitted). It then concluded that "the period of limitation applicable to judgment liens is . . . seven years . . ., with the important qualification . . . that the enforceability of the judgment lien expires with the judgment upon which it is founded." *Id.* ¶ 16. *Shain* simply does not support Defendants' broad argument or require a different result in this matter.

{18}     We conclude that a stipulated judgment is not subject to the fourteen-year statute of limitations in Section 37-1-2 under principles of contract law, and Plaintiffs' complaint is not barred by the statute.

10

**CONCLUSION**

{19} We reverse the district court's decision to dismiss Plaintiffs' complaint, and remand to the district court for further proceedings consistent with this opinion.

{20} **IT IS SO ORDERED.**

_____
**MICHAEL D. BUSTAMANTE, Judge, retired, sitting by designation**

**WE CONCUR:**

_____
**KRISTINA BOGARDUS, Judge**

_____
**GERALD E. BACA, Judge**